No. 16,939.

## TULLIS ET AL. *v.* STAFFORD.

DEPOSITION.—*By Defendant in Criminal Action.—Two Methods.—Statute Construed.*—As to the manner of taking depositions within the State by a defendant in a criminal action, there are two methods: *First,* by leave of court; and, *second,* by notice to the prosecuting attorney. And the word "conditionally," as used in the statute, does not express the method of taking the deposition, but the condition of its use.

From the Marion Circuit Court.

*Brown* and *Brown,* for appellants.

*M. E. Forkner* and *W. O. Barnard,* for appellee.

HACKNEY, J.—The appellants, under indictment in the Rush Circuit Court, and awaiting trial, gave notice to the proper prosecuting atterney that at a time and place stated they would take the deposition of the appellee, in Marion county. This notice gave express consent to the taking of depositions, by the State, of witnesses within or without the State of Indiana. The appellee was served with summons issued by the notary, and appeared and submitted his sworn statement that he was in good health and fully intended to attend the trial of the appellants' said indictment as a witness for the prosecution; that he had been advised that his examination before the notary was without authority, because unauthorized by any order of court. He therefore declined to give his deposition, whereupon the notary properly reported the facts to the Marion Circuit Court, under section 426, R. S. 1881. In that court such proceedings were had, that the court declined to order the appellee to attend and testify before said notary. This appeal is from the order of the court in so refusing to direct the giving of appellee's testimony.

The point at issue is, does the defendant in a criminal

cause have to procure an order of the court, wherein the cause is pending, for permission to take the deposition of a witness within the State, when he has given notice of his intention to take the deposition, and has consented that the State may take depositions of witnesses within the State ?

The provision of the criminal code on the subject, R. S. 1881, section 1805, is as follows:

"The defendant may, by leave of court, take the depositions of witnesses residing out of the State, to be read on the trial; but, before leave is given, the defendant must enter of record his consent that the depositions of witnesses residing out of the State may be taken and read on behalf of the State, relative to the same matter; and the defendant may, on the same terms, by leave of court, or by notice to the prosecuting attorney, take the deposition of any witness conditionally."

The contention is that the word "conditionally," as used in the statute, controls the question; that it is the equivalent of the technical phrase *de bene esse* as used at common law, and that depositions taken *de bene esse* were permitted only upon order of court. Any other construction, it is said, would eliminate from the statute the word "conditionally."

At common law, there were two instances in which testimony might be secured out of court, but by the direction of the court; one in anticipation of litigation not instituted, and the other in litigation pending. Each instance, in the method of procedure for the order, took on a technical name, the first being known as a bill *in perpetuam rei memoriam,* and the latter as a bill *de bene esse.* Either method had in view objects dependent upon conditions; in the first, the objects were the institution of legal proceedings and the inability of the litigant to

secure the attendance of the witness whose testimony had been taken *in perpetuam,* because of the death, illness, age, or removal of the witness beyond the jurisdiction of the court, and in the second the condition was that the witness could not be required to attend at the trial because of his sickness, age or intended removal beyond the court's jurisdiction. Both methods were provisions against the loss of testimony upon the contingencies expressed. The testimony in either instance was not available except upon the condition of the necessary absence of the witness. Out of these practices grew the expressions ''conditional testimony'' and ''conditional examinations.''

We have found no proper employment of these expressions except as they related to the use of the testimony, and never as to the method of procuring it. The expression ''testify conditionally'' is used in section 509, R. S. 1881, in providing for the examination of an adverse party by a litigant. From that section and section 510, we find that it was employed as expressing the contingency in which the testimony might be used, and not as to the mode of procuring the testimony. Section 441, R. S. 1881, provides that witnesses may ''be examined conditionally'' in providing for the perpetuation of testimony. As used, it can not have other signification than that the witness may be examined, and the use of the testimony made to depend upon the conditions anticipated by the rule and the reason for taking it. Preceding this expression, the section contains a provision for the order to examine, and to hold that the word ''conditionally'' had reference to the method of procuring the order would be to hold that the section multiplied its provisions.

We do not believe that the Legislature intended to use the word ''conditionally,'' in section 1805, *supra,* in any

other sense than that ordinarily assigned to it in the statutes of the State, and such as naturally belongs to it when considering the origin of the word as a legal term.

In this sense we will assign it to the section in question by paraphrasing the language of the Legislature— and the defendant may, on the same terms, by leave of court, or by notice to the prosecuting attorney, take the deposition of any witness (conditionally), to be used upon the trial, if the attendance of such witness can not be required. This is a proper sense, and, we think, the natural sense in which the word is used. It does not express the method of taking, but the condition of the use of the deposition.

To employ the meaning contended for by the appellant, does not eliminate the word "conditionally," but to use the word as insisted by the appellee would eliminate the words, "or by notice to the prosecuting attorney," and would duplicate the words "by leave of court," in that it would provide for a taking "by leave of court" and "conditionally." Omitting from the section the word "conditionally," there is room for no doubt as to the construction of the language. The deposition of any witness within the State might be taken either "by leave of court, or by notice to the prosecuting attorney," upon the terms provided. To include the word in the meaning we ascribe to it, does not impeach the grammatical form of the section. The meaning contended for by the appellee subjects the section to the criticism of containing contradictions, of duplicating its provisions, and of the use of a phrase without any proper place.

We appreciate the force of the appellee's argument that the construction we adopt may result in great abuses of the privilege, and that the profession may lead the prosecuting attorney into a new field of labor where he will

attend the examinations, by the defense, of the State's witnesses, instituted for discovery or, as counsel say, for mere "fishing" purposes. The propriety or wisdom of the provision has been determined by the law-making power, and we are not at liberty to alter that decision.

The judgment of the lower court is reversed, with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.

Filed April 18, 1893.