STATE EX REL LAND, PROSECUTING ATTORNEY
*v.* KNOX SUPERIOR CT. GELB, JUDGE.

[No. 1067S112. Filed January 26, 1968.]

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Assistant Attorney General, for relator.

*Ramsey & Ramsey* and *Joe D. Black,* of Vincennes, for respondent.

PER CURIAM.—A petition for a writ of prohibition or, in the alternative, for a writ of mandate, was filed by the relator, the State of Indiana ex rel. Murphy C. Land, prosecuting attorney for Knox County. The events leading to the filing of the petition are as follows:

September 28, 1967—A criminal affidavit, State of Indiana v. Gary Wayne Lucas, charging burglary, was filed by the prosecuting attorney for Knox County.

September 28, 1967—An arrest warrant was issued to the sheriff of Knox County commanding arrest of the said Lucas.

September 30, 1967—Petition to reduce bond was filed by attorneys for the defendant Lucas, and on the same date his attorneys also petitioned to take oral deposition of a police officer in the Vincennes police department, pursuant to Burns' Stat. Anno. § 9-1610.

The petition to reduce the bond was denied.

October 2, 1967—Defendant, by counsel, filed an amended petition to take oral deposition of an additional witness being a purported witness for the state.

October 4. 1967—Knox Superior Court heard oral arguments.

October 11, 1967—State of Indiana filed a petition to take oral deposition of the defendant Gary Lucas.

October 17, 1967—The Knox Superior Court overruled the petition of the State of Indiana to take defendant's deposition and granted defendant's amended petition to take depositions and ordered that depositions of witnesses be taken on October 24, 1967.

October 23, 1967—A temporary writ of prohibition was granted by this court against the Knox Superior Court from making any further orders concerning the taking of depositions in the State of Indiana v. Gary Wayne Lucas, being cause of action No. 6525 on the docket of said court.

It is the contention of the relator that the Superior Court of Knox County over-extended its judicial power by permitting defendant to take the oral deposition of the state's witnesses where the witnesses would be available for trial, and the taking of the depositions is to discover evidence in preparation of defendant's case, and not for the purpose of perpetuating testimony. The relator further contends that if the Knox Superior Court had judicial authority to permit the defendant to take oral depositions of state witnesses, similarly, permission must be extended to the State to take oral deposition of the defendant.

The respondent first raised the argument that Rule 2-35 of the Indiana Supreme Court Rules had not been complied with by the relator since a written motion to the lower court must first be made attacking the excess of jurisdiction. This would not go to the merits of this matter since both the relator and respondents agree that the central issue is whether Burns' Ind. Stat. Anno. § 9-1610 grants the trial judge power to commission pretrial depositions in a criminal case.

Burns' Ind. Stat. Anno. § 9-1610 reads as follows:

"A defendant, by leave of court or by written notice to the prosecuting attorney, may take the depositions of witnesses residing within or without the state, to be read on the trial; and the request of the defendant for such leave of court, or the giving by him of such notice to the prosecuting attorney, shall be deemed a waiver of his constitutional right to object to the taking of depositions of witnesses by the state, relative to the same matter, to be read on the trial: Provided, That leave to take such depositions be given to the defendant by the prosecuting attorney."

We believe the language of the said statute is clear. This court in *Tullis* v. *Stafford* (1893) 134 Ind. 258, 33 N. E. 1023, 1024, construed a prior statute (Rev. St. 1881, § 1805) which was basically the same statute as the one before the court now.

The provisions of that statute (Rev. St. 1881, § 1805) are as follows:

"The defendent may, by leave of court, take the depositions of witnesses residing out of the state, to be read on the trial; but, before leave is given, the defendant must enter of record his consent that the depositions of witnesses residing out of the state may be taken and read on behalf of the state relative to the same matter; and the defendant may on the same terms, by leave of court, or by notice to the prosecuting attorney, take the depositions of any witness conditionally."

There appears to be only one substantial difference between the statute and Burns' Ind. Stat. Anno. § 9-1610. The court interpreted "conditional" in the *Tullis* case as follows:

"In this sense we will assign it to the section in question, by paraphrasing the language of the legislature: And the defendant may on the same terms, by leave of court or by notice to the prosecuting attorney, take the deposition of any witness (conditionally) to be used upon the trial, if the attendance of such witness cannot be required. This is a proper sense, and we think the natural sense, in which the word is used. It does not express the method of taking, but the condition of the use of the deposition."

This court, therefore, at that time felt the word "conditional" referred to the use of the deposition and not to the question of its taking. This court, at page 261 in the *Tullis* case, continued:

"Omitting from the section the word 'conditionally', there is room for no doubt as to the construction of the language. The deposition of any witness within the state might be taken either 'by leave of court or by notice to the prosecuting attorney,' upon the terms provided."

The court went on to resolve the question of the taking of depositions at page 262 in which it stated:

"The propriety or wisdom of the provision has been determined by the law-making power, and we are not at liberty to alter that decision."

Burns' Ind. Stat. Anno. § 9-1610 differs from the prior statute, Rev. St. 1881 § 1805, in the elimination of the word

"conditional," but clearly gives the basic statutory right to take depositions as outlined.

*Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507 cites the state statute and on page 687 the court states:

> "If the accused wishes to take depositions, he must waive his constitutional right to confront the witness when the state seeks to take depositions to aid the prosecution of the cause."

The legislature intended to confer reciprocal rights on the defendant and the prosecution when the defendant set the deposition machinery in motion. See *Butler* v. *State* (1884), 97 Ind. 378, 381, 382; *Lander* v. *State, supra.* Nevertheless, the defendant would not waive his right to remain silent under the Fifth and Fourteenth Amendments of the United States Constitution, and Article One, § 14 of the Constitution of the State of Indiana. The only right waived, that of confrontation of witnesses, is clearly set forth within the statute.

In *Miranda* v. *Arizona* (1966), 384 U. S. 436, 461, the court at length, pages 458 through 465, discusses the privilege against self-incrimination. On page 460 the court summarizes: "The privilege is fulfilled only when the person is guaranteed the right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will.' *Malloy* v. *Hogan* (1964), 378 U. S. 1, 8."

Both the relator and respondents cite the leading case of *Brown* v. *United States* (1958), 356 U. S. 148. In this case Mr. Justice Frankfurter, for the majority of the court, affirmed a judgment of conviction by the lower court of contempt when the defendant has taken the stand and testified in her own behalf and the court has cautioned her that "she had waived the right to claim any privilege under the Fifth Amendment by reason of having testified as a witness in her own behalf." Exercising the rights under Burns' § 9-1610, *supra* does not constitute a waiver against self-incrim-

ination, and as the *Brown* v. *U. S., supra* case holds at page 155:

"Such a witness has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts and his reliability as a witness, not to testify at all. He cannot reasonably claim that the Fifth Amendment gives him not only this choice, but, if he elects to testify, an immunity from cross-examination on the matters he has himself put in dispute."

It is to be noted in *Brown* v. *U. S., supra,* a government civil suit in the Federal District Court for petitioner's denaturalization on the ground that she had fraudulently procured citizenship by swearing falsely that she was not, and had not been, a member of or affiliated with the Communist Party, she voluntarily took the stand and testified at length in her own defense.

The petition for a writ of prohibition is hereby dismissed and the temporary writ heretofore granted is dissolved.

Arterburn, J. not participating.

NOTE.—Reported in 233 N. E. 2d 233.