NUCKLES *v.* STATE OF INDIANA.

[No. 31,056. Filed May 15, 1968.]

Hilbert L. Bradley, of Gary, for appellant.

John J. Dillon, Attorney General, and Rex Phillip Killian, Deputy Attorney General, for appellee.

PER CURIAM.—The defendant was found guilty of first degree burglary after a trial before the court and jury in the LaPorte Superior Court, Michigan City, Indiana before Judge Norman H. Sallwasser. Thereafter, the court sentenced the defendant to the Indiana State Prison for not less than ten (10) years nor more than twenty-one (21) years.

On appeal, the appellant assigned the following errors: did the court abuse its limited discretion in denying in part appellant's request for a discovery deposition prior to trial; whether the appellant was illegally arrested in violation of Article I, Section II, and 14th Amendment of the United States Constitution; whether admission of the oral confession violated the 4th, 6th and 14th Amendments of the United States Constitution as to equal protection, due process, involuntary self-incrimination unintelligently given without the advice of counsel; whether the court erred in admitting evidence of other crimes; and lastly, did the court err in giving Instructions No. 5 and 8 to the jury.

The appellant's first assignment of error was that the court erred in sustaining defendant's motion to take a deposition of the complaining witnesses prior to trial and overruled the

defendant's motion to take a deposition of named police officers, violated Burns' Ind. Stat., § 9-1610 and was an abuse of the court's limited discretion.

On this issue the appellant, through his attorney, filed a request for leave of the court to take depositions of certain named witnesses prior to the trial on the 23rd of July, 1965, which request included an order for the witnesses to appear before the court reporter upon notice and return served by the Sheriff of LaPorte County.

Thereafter, the court granted the taking of the deposition of the complaining witnesses, but denied the taking of depositions as to specified police officers.

After such a denial the appellant filed a motion for the court to reconsider its ruling denying leave of the appellant to take the depositions, which verified motion stated that it was essential for the appellant to take depositions in preparation for an adequate defense since these witnesses would testify either for the appellee or appellant. The motion further pointed out that these officers named had interrogated the defendant at the Michigan City police station and that to deny the defendant leave of court to take the depositions of said witnesses would deprive the defendant of his rights pursuant to Burns' Ind. Stat., § 9-1610, and his right under the 14th Amendment of the United States Constitution as pertaining to the due process and equal protection clause.

Burns' Ind. Stat., 1956 Repl., Vol. 4, Pt. 1, § 9-1610 reads as follows:

"A defendant, by leave of court or by written notice to the prosecuting attorney, may take the depositions of witnesses residing within or without the state, to be read on trial; and the request of the defendant for such leave of court, or the giving by him of such notice to the prosecuting attorney, shall be deemed a waiver of his constitutional right to object to the taking of depositions of witnesses by the State, relative to the same matter, to be read on the trial: Provided, that leave to take such depositions be given to the State, or notice of the taking of such depositions be

given to the defendant by the prosecuting attorney." Acts 1905, ch. 169, § 242, p. 584.

This court in a most recent case, *State ex rel. Land* v. *Knox Superior Court*, (1968), 12 Ind. Dec. 609, 233 N. E. 2d 233, [249 Ind. 471], affirmed the validity of said statute and held that the legislature is enacting the said statute relating to the taking of depositions of witnesses by the defendant intended to confer reciprocal rights on the defendant and the prosecution when the defendant set the deposition machinery in motion.

It is to be noted in the case on appeal that the truth of the appellants' oral confession is of primary concern to the state and defendant alike since the statute provides for the taking of depositions. There was no showing by the state in opposition to the motion by the appellant under Burns' § 9-1610, *supra,* of a paramount interest in non-disclosure of the appellant's confession.

It appears that the court improperly denied appellant's motion to take the depositions of the named police officers. This was not an attempt to have a "fishing expedition" on the part of the appellant but was the exercise of a right set forth by this statute to question named police officers as to the taking of an oral confession. It is a proper part of an adequate preparation for trial. In the case on appeal the question is not involved as to the court's limited discretionary power to take depositions prior to trial; but the question whether the defendant have access to testimony of an oral or written confession of the defendant, is essential to the preparation of an adequate defense and is a substantial right of the defendant. We believe it is.

Since this first assigned error is cause for reversal, it is unnecessary to discuss the other errors assigned by the appellant.

It is ordered that the judgment of the trial court be reversed and a new trial granted.

NOTE.—Reported in 236 N. E. 2d 818.