MARVIN HOLLIS SEXTON *v.* STATE OF INDIANA.

[No. 670S128. Filed January 4, 1972.]

*Donald D. Chiappetta,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for first degree murder in a trial by jury in the Delaware Circuit Court. Appellant was sentenced to life imprisonment.

Appellant's first contention is the trial court erred in denying appellant's petition for pre-trial discovery of appellant's statement made to Officers Quirk, Thomas and Johnson the night of his arrest.

In *Nuckles* v. *State* (1968), 250 Ind. 399, 236 N. E. 2d 818, we held that the defendant had the right to take a pre-trial deposition of certain police officers in order to obtain evidence concerning the defendant's pre-trial confession to those officers. The information was "essential to the preparation of an adequate defense and is a substantial right of the defendant." 250 Ind. at 402. It is in the interest of all parties to permit a criminal defendant to obtain prior to trial copies of his written statements to the police instead of using the expensive and cumbersome procedure of taking depositions in order to obtain the identical information. If the confession was never reduced to writing, then the defendant may have to resort to the deposition process approved in *Nuckles*. Although *Bernard* v. *State* (1967), 248 Ind. 688, 230 N. E. 2d 536, the basic case on criminal discovery in Indiana, dealt with discovery of lists of witnesses, it cited and relied heavily in *State* v. *Johnson* (1958), 28 N. J. 133, 145 A. 2d 313, which explicitly held that a criminal defendant can obtain pre-trial discovery of his own statements made to the police:

> "The need for an opportunity to prepare to deal with a defendant's statement must be evident. If voluntariness is an issue, the content of the confession may be revealing. Counsel would need time to explore thoroughly the truth of the factual ascertations therein, to inquire whether it contains anything more than the State knew at the time when defendant was apprehended, and to consider whether the content itself supports or negates the defendant's claim of involuntariness. Pretrial inspection may be equally necessary even though defendant concedes he freely gave the statement. This is so because the impact of the statement upon guilt may turn upon how the facts are stated, or upon the absence of exculpatory facts which a defendant may claim were revealed to the interrogator or would have been revealed if the inquiry had been complete. In murder cases in

which guilt is not disputed, the manner of expression or the omission of palliative circumstances may have additional significance because of their influence upon the jury's determination as to punishment. Or the confession may contain prejudicial material which should be exscinded and as to which counsel should not be required to make a hurried decision in the courtroom. The possible situations may be multiplied. The virtue of the adversary approach to a trial lies precisely in the opportunity for a full and fair presentation, and hence where the State has had a unilateral examination of a defendant, he should be enabled, as far as feasible, to prepare to explore the completeness and fairness of a policeman's or prosecutor's development of the story in the confession.

"In the foregoing, we speak of what *may* be the significance of pretrial inspection. The fact is that counsel for a defendant does not know or cannot be sure whether he needs the inspection until he has had it. It is no answer to say that a defendant 'must remember' what he said. If the defendant actually does remember, it cannot harm the State to furnish a copy. But as every trial lawyer knows, witnesses do not recall their statements with precision or detail. And when one considers the emotional sway which likely attends a wholly voluntary confession of crime, particularly of murder, it is idle to assert that a defendant 'must remember'." 28 N. J. at 137-138.

In *Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387, this Court in a unanimous opinion set out the three major factors to be considered by the trial court in determining the right of a criminal defendant to obtain pre-trial discovery: (1) There must be a sufficient designation of the items sought to be discovered. The motion must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. An item has been designated with "reasonable particularity" if it enables the appellee to identify the item or category sought and enables the trial court to determine whether there has been sufficient compliance with this order. Whether a request is set out with "reasonable particularity" will depend on the facts of each individual case, the crime charged, the nature of the items sought to be discovered, the

degree of discovery of other items of information, the nature of the defense, etc. *Dillard* v. *State, supra; Howard* v. *State* (1969), 251 Ind. 584, 244 N. E. 2d 127.

Appellant's motion set out the items sought as follows:

"2. That the defendant in this action did talk to police officers on or about the 17th day of July, 1965.

"3. That in the course of said conversation, which was subsequent to his wife's death, the defendant made certain statements to the police officers, said police officers being Earl Johnson, Michael Quirk and David Thomas.

"4. That as a result of these comments, said police officers, one or more of them, made notes which took the form of a statement made by the defendant."

We believe this sets out and describes the item to be inspected with reasonable particularity. As we said in *Dillard:* "This requirement must not be construed strictly against the defendant but should be administered so as to maximize pretrial discovery and the benefits to the judicial system which flow thereupon. ABA Minimum Standards of Criminal Justice: Discovery and Procedure Before Trial." 274 N. E. 2d at 392.

(2) The item sought to be discovered must be material to the defense. It should be considered material to the defense if it appears that it might be "beneficial in the preparation of appellant's case." *Bernard* v. *State, supra; Dillard* v. *State, supra.* The materiality to the defense of appellant's own statement to the police would seem self-evident, *Dillard* v. *State, supra.* In the posture of this case the evidence was of special importance. The evidence showed that appellant killed his wife by cutting her throat at 12:10 a.m., July 18, 1965, in a crowded tavern. Appellant was immediately arrested and shortly thereafter made a statement to the police. On October 17, 1965, appellant was declared incompetent to stand trial and sent to Beatty Memorial Hospital. He was returned for trial on February 13, 1969, and an attorney was appointed to represent him on February 17, 1969. Appellant's motion alleged:

"5. That the defendant was committed to the Maximum Security Division of Norman Beatty Memorial by order of

this Court and subsequent to said committal, was treated by use of electro-shock.

"6.   That during the course of said treatment, defendant received some sixty-five (65) electro-shock treatments.

"7.   That as a result of these electro-shock treatments, the defendant has no memory of the incidents concerning his wife's death, those immediately preceding his wife's death and for some months prior to that time.

"8.   That as a result of said loss of memory, it is impossible for defendant's attorney to adequately prepare for the defense of the defendant and examination of witnesses during the trial of this cause unless he is provided with a copy of said statements made by the defendant."

The appellee made no response to this motion so we assume the allegations are true, and they clearly show the materiality to the defense of the appellant's pre-trial confession.

An additional reason appellant's attorney needed pre-trial discovery of appellant's statements to the police was that appellant's sole defense was insanity and the contents of his statements made shortly after the killing might furnish important evidence in that regard.

(3)   If the above two requirements are satisfied the trial court must grant discovery unless the State makes a sufficient showing of its paramount interest, if any, in non-disclosure. *Bernard* v. *State, supra; Dillard* v. *State, supra.*

The appellee did not respond to appellant's motion and therefore made no effort to show a paramount interest in the non-disclosure of the item sought to be discovered.

Under these three requirements appellant's motion for pre-trial discovery of his own statement made to the police within an hour of the killing should have been granted.

Appellant's second contention is that the trial court erred in denying appellant's motion for pre-trial discovery of a diagram made by the police department of the scene of the killing shortly after the event. Appellant's motion alleged:

"1. That he represents, as Public Defender, one Marvin Hollis Sexton, who is charged with the crime of First Degree Murder in the above captioned action.

"2. That he was appointed to represent Marvin Hollis Sexton on February 17, 1969.

"3. That he had no interest in or reason to investigate this case prior to February 17, 1969.

"4. That at the time the alleged incident took place, the establishment known as 'Rocky's Showboat' was set up and arranged in a certain manner.

"5. That since that time, the establishment has changed hands and owners at least two times and has gone through extensive remodeling on both occasions.

"6. That as part of the investigative procedures of this incident police officers who are unknown to this affiant, prepared a scale diagram of the establishment.

"7. That said diagram is presently in the hands of the Prosecuting Attorney of the 46th Judicial Circuit or his staff.

"8. That defense counsel has no way of ascertaining the lay-out and arrangement of the establishment known as 'Rocky's Showboat' at the time the alleged incident took place.

"9. That no paramount interest of the State of Indiana would be injured by the disclosure of and the furnishing to defendant, of a copy of said diagram."

To resolve this issue we again apply the principles developed above. Appellant's request designated the item sought with reasonable particularity and made clear the materiality of the item. The appellee made no effort to show a paramount interest in non-disclosure and therefore the motion should have been granted.

We do not reach the other issues raised by appellant because they are not likely to arise on re-trial of this case. Judgment reversed and remanded for new trial.

Given, Hunter and Prentice, JJ., concur; Arterburn, C. J., dissents in part with opinion.

### Opinion Dissenting in Part.

ARTERBURN, C. J.—I cannot concur with Judge DeBruler's statement in the second and last part of his opinion for the reason that, it appears that we are compelling opposing parties to produce, for the use of the other party, "work products" prepared by a party for a party's exclusive use, namely diagrams, measurements, and drawings. If we hold in this case that can be done, then it opens up the right of a party to get into files and take any work and effort produced by another party. Please remember that this should work both ways to be just and the state or other should have the same right to ask for the "work products" prepared by the defendant for the use of his defense.

NOTE.—Reported in 276 N. E. 2d 836.