WILLIAM A. ROWE *v.* STATE OF INDIANA.

[No. 573S81. Filed July 26, 1974.]

*Joseph A. Williams,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted of Committing a Felony (robbery) While Armed with a Deadly Weapon (IC 1971, 35-13-4-6, being Burns § 10-4101, and IC 1971, 35-12-1-1, being Burns § 10-4709) after a trial without a jury in the Allen Superior Court, Honorable Robert L. Hines presiding. He was sentenced to a determinate sentence of twenty years

imprisonment. The following grounds are raised in his appeal: (1) The evidence submitted below was insufficient as a matter of law to sustain his conviction; (2) The trial court erroneously refused to grant appellant's in-trial motion for the production of a picture display used by the police in an out-of-court identification procedure; (3) The trial court erroneously admitted a police constructed composite drawing; (4) The sentence imposed by the trial court is disproportionate to the nature of the crime in contravention of Art. 1, § 16, of the Indiana Constitution and the Eighth Amendment to the United States Constitution.

The evidence most favorable to the State discloses that Cyril Laycoff was the owner and bartender of a tavern located in Fort Wayne, Indiana. Shortly before 2:00 a.m. on March 28, 1972, Laycoff began cleaning up the tavern in preparation for closing for the night. At that time there were three other people remaining in the bar: his wife Barbara, Dean Prugh and a man identified by Laycoff as the appellant. Laycoff testified that the appellant had been drinking at the bar for approximately two hours and that he had served him several beers over the course of the night.

While Laycoff was placing some empty bottles in a crate the appellant left his barstool, walked to the end of the bar where Laycoff was working and pulled a .45 calibre automatic pistol from underneath his coat. He tossed a bag at Laycoff and ordered him to fill it with money. The appellant also told Prugh to keep his hands on top of the bar. Laycoff testified that he filled the bag with approximately $1600.00 and the appellant left by the back door of the tavern. He further testified that the appellant appeared to be twenty-seven or twenty-eight years of age at the time of the incident. Both Prugh and Laycoff's wife substantiated Laycoff's testimony concerning the holdup and identified the appellant as the perpetrator. Three other witnesses testified that they were in Laycoff's tavern that night. All three left prior to the

robbery, but they all identified appellant as being present in the bar that night.

Before turning to the appellant's contention regarding the insufficiency of the evidence in his case, we should again point out that when called upon to decide this issue it is not our function as an appellate court to weigh the evidence introduced at the trial or to decide questions concerning the credibility of witnesses testifying at the trial. *Priola* v. *State* (1973), 260 Ind. 117, 292 N.E.2d 604. Our proper role is to look to the evidence most supportive of the verdict and determine whether that evidence, along with the reasonable inferences which a trier of fact might draw from it, has established all the necessary elements of the offense charged. *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558. With these general principles in mind we now turn to the facts raised by this particular appeal.

The statutes and affidavit under which appellant was convicted requires the establishment of three elements: 1. The taking of an article of value from another by a person over sixteen years of age, 2. by placing that person in fear and 3. while armed with a dangerous weapon. The State in this case produced direct eye-witness testimony that appellant, who was approximately twenty-seven years old at the time of the incident, took $1600.00 of Cyril Laycoff's money by pointing a .45 calibre automatic pistol at him and thereby placing him in fear. Such testimony is clearly sufficient to establish the necessary elements of this offense. *Schuster* v. *State* (1973), 261 Ind. 299, 302 N.E.2d 496; *Cottingham* v. *State* (1973), 261 Ind. 346, 303 N.E.2d 268.

Appellant's next contention concerns his motion to produce made during the trial. A portion of Cyril Laycoff's testimony concerned the investigatory period following the robbery, but prior to the arrest of a suspect. Laycoff testified that he had been shown several albums of photographs shortly after the incident but had not been able to pick anyone as the robber. About three weeks later the police brought approximately four

photographs to his home and asked if he could identify any of them. At this point in Laycoff's testimony appellant interposed a request for the production of this photographic display on the grounds that, "unless we have the pictures in court we can't show the relevancy that they have, any weight or competency, unless we have the actual pictures from which he picked them out." The trial court denied his request and Laycoff testified that he identified one of the photographs as that of the man who robbed him.

A series of recent cases decided by this Court has recognized the ability of the defendant under certain conditions to discover various exhibits, statements and documents used in the preparation of the prosecution's case against him. *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387; *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N.E.2d 873; *Nuckles* v. *State* (1968), 250 Ind. 399, 236 N.E.2d 818; *Bernard* v. *State* (1967), 248 Ind. 688, 230 N.E.2d 536.

> "The purpose of the *Bernard* Doctrine is to insure justice and fairness in criminal proceedings, and it is axiomatic that an accused is not justly and fairly tried when his counsel is compelled to maneuver in a factual vacuum." *Johns* v. *State* (1968), 251 Ind. 172, 179, 240 N.E.2d 60.

In our opinion in *Sexton* v. *State* (1972), 257 Ind. 556, 276 N.E.2d 836, we set out three major criteria to be considered by a trial court when it is called upon to decide questions concerning the discovery capabilities of a criminal defendant: 1. There must be a sufficient designation of the items sought to be discovered. 2. The item sought to be discovered must be material to the defense. 3. If these first two factors are satisfied the trial court must grant the discovery motion unless the State makes a showing of paramount interest in non-disclosure.

In this case the items sought to be produced were clearly designated as the photographs used by the police in the display they presented to Cyril Laycoff at which he identified the appellant. The display used at that particular time would

certainly be material to appellant both as a tool to impeach the credibility of the witness, and as a possible method of establishing the suggestive nature of the display, which under certain conditions might require the total exclusion of the witness' identification testimony. *Neil* v. *Biggers* (1972), 93 S. Ct. 375; *Simmons* v. *U.S.* (1968), 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247; *Sawyer* v. *State* (1973), 260 Ind. 597, 298 N.E.2d 440. Upon appellant's motion, therefore, the trial court should have ordered the prosecution to produce the photographic display used in securing Laycoff's identification unless the State was able to demonstrate some paramount interest in non-disclosure.

Although the trial court's denial of appellant's motion was erroneous it is not substantial enough in its effect on appellant's interest to require a reversal of his conviction. As indicated by the record here there were several other in-court eye witness identifications made of appellant as the perpetrator of the robbery by other witnesses not subject to the pictorial display at all.

Appellant next asserts that the admission of a police sketch into evidence violated the hearsay rule. One of the State's witnesses at appellant's trial was a Fort Wayne police officer who specialized in making composite drawings of suspects. Two days after the incident at the tavern he interviewed Cyril Laycoff and, based on Laycoff's description, drew a composite sketch of the holdup man. The drawing was admitted into evidence over appellant's objections that it was based on hearsay and he now raises this contention on appeal.

The definition of hearsay adopted for use in this State is as follows:

"Hearsay evidence is testimony in court or written evidence of a statement made out of court, such statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out of court asserter." *Harvey* v. *State* (1971), 256 Ind. 473, 476, 269 N.E.2d 759.

As we stated in *Wells* v. *State* (1970), 254 Ind. 608, 261 N.E.2d 865:

> "The principle reasons for the exclusion of hearsay evidence are that the out-of-court declarant was not under oath, not subject to confrontation by the trier-of-fact, and most importantly, not subject to cross examination by the accused." 254 Ind. at 614.

In the trial here the officer did indeed testify concerning the suspect's description furnished to him by Cyril Laycoff two days after the robbery. However that out of court declarant, Cyril Laycoff, himself was a witness in this case and was in fact extensively cross examined by appellant precisely on the issue of the description of the robber and his identification of appellant. That being the case the harm sought to be prevented by the hearsay rule has been successfully avoided. Laycoff's direct testimony and his corresponding availability for cross examination on this issue by appellant makes the composite sketch non-hearsay in nature.

Lastly, appellant contends that his determinate sentence of twenty years imprisonment imposed by the trial court upon his conviction for armed robbery violates the Eighth Amendment to the United States Constitution and Art. 1, § 16, of the Indiana Constitution as being disproportionate to the nature of the offense.

We note at the outset that the function of deciding the appropriate penalties for crimes committed in this State is a function properly exercised by the Legislature. *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. At the same time we recognize our responsibility to make certain that when the Legislature exercises its broad discretion in setting the punishment for crimes it does not exceed the bounds of Federal and State constitutional limitations against disproportionate penalties. That limitation has been defined as follows:

> "We do hold, however, that the legislature may not, consistent with the commands of the State and Federal Con-

stitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense." *Dembowski* v. *State* (1968), 251 Ind. 250, 253, 240 N.E.2d 815.

In his argument on this issue appellant has failed to demonstrate to us in what manner armed robbery, as a lesser included offense, carries a greater penalty than some specific greater offense. He has failed, in other words, to show us how his sentence is disproportionate in contravention of the relevant constitutional provisions. Essentially appellant is urging that his sentence is unduly severe, but as we have stated in the past:

> "These are primarily legislative considerations and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. *Blue* v. *State* (1946), 224 Ind. 394, 67 N.E.2d 377; *Mellot* v. *State* (1942), 219 Ind. 646, 40 N.E.2d 655. It is only when a criminal penalty is not graduated in proportion to the nature of the offense, or where it is grossly and unquestionably excessive that this provision of the constitution is intended to apply. *Weems* v. *U.S.*, 217 U.S. 349, 30 S. Ct. 544, 54 L. Ed. 793." *Hollars* v. *State* (1972), 259 Ind. 229, 286 N.E.2d 166.

The judgment of the trial court is therefore affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; Givan, J., concurs in the result.

NOTE.—Reported at 314 N.E.2d 745.