FREDERICK HEFLIN *v.* STATE OF INDIANA.

[No. 776S232. Filed December 27, 1977.
Rehearing denied March 29, 1978.]

*Paul T. Cholis, Esquire,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

GIVAN, C.J.—This is an appeal from a conviction of armed robbery. Appellant was sentenced to a determinate term of 15 years. The record shows that the appellant and three other men entered Little Johnny's Cigar Store in South Bend, Indiana, on January 8, 1975. The men were wearing ski masks and were armed with a pistol and a shotgun. An information was filed and an arrest warrant was issued on January 13, 1975. The warrant was not served until October 31, 1975, even though the appellant was confined in the St. Joseph County Jail from May 2, 1975, to July 18, 1975. The appellant was convicted of a federal offense and was removed to federal prison. The State filed a detainer on July 25, 1975, while the appellant was incarcerated in federal prison.

On September 5, 1975, the appellant filed a request for an early trial. He was arraigned in the trial court on October 31, 1975; trial began January 5, 1976.

Appellant first contends the information failed to specifically state a crime because it substituted the word "handgun" for "dangerous or deadly weapon," as set out in the statute. An information must state the crime in the language of the statute or in words which convey a similar meaning. IC § 35-3.1-1-2(a)(2) [Burns 1975]; *Sullivan* v. *State,* (1957) 236 Ind. 446, 139 N.E.2d 893. This Court will construe language used in light of its common acceptance and understanding. *Dorsey* v. *State,* (1970) 254 Ind. 409, 260 N.E.2d 800. The elements of armed robbery are: (1) the taking of an article of value from another by a person over 16 years of age; (2) by placing one in fear; and (3) while armed with a dangerous or deadly

weapon. *Schuster* v. *State*, (1973) 261 Ind. 299, 302 N.E.2d 496. The information adequately set forth each of these elements. A "handgun" is considered to be a dangerous or deadly weapon within the meaning of IC § 35-12-1-1 [Burns 1975]. In *Rowe* v. *State*, (1974) 262 Ind. 250, 314 N.E.2d 745, this Court affirmed a conviction for robbery under this statute, stating that testimony which revealed that the defendant had used a .45 caliber automatic pistol was clearly sufficient to establish that the felony was committed while armed with a deadly weapon. We therefore hold the information in this case was properly drawn so as to advise the appellant of the crime with which he was charged.

Appellant next claims he was prejudiced because the information charged him with "take, rob and steal," rather than the word "take," as stated in the statute, IC § 35-3.1-1-2(a)(4) [Burns 1975]. The statute requires the elements of the crime to be stated in plain and concise language, without unnecessary repetition. This Court has held that unnecessary verbiage is not prejudicial unless it is manifestly detrimental and wholly foreign to the subject matter of the information. *Kelsie* v. *State*, (1976) 265 Ind. 363, 354 N.E.2d 219. In *Doss* v. *State*, (1971) 256 Ind. 174, 267 N.E.2d 385, this Court considered the effect of the phrase "unlawfully, feloniously and burglariously" in an affidavit for burglary. In that case we held that although the verbiage was redundant, it was not sufficiently prejudicial as to render the affidavit defective. We see nothing in the case at bar which would indicate that the use of the excessive words, as above stated, would be prejudicial to the appellant. We have previously held that there is no prejudice when the record reveals that the court expressly instructed the jury that the affidavit was not to be considered as evidence of guilt. *Chesterfield* v. *State*, (1924) 194 Ind. 282, 141 N.E. 632. In the case at bar the court instructed the jury that they should reach no conclusion until all the evidence was presented and all final instructions received. It further instructed the jury

that the affidavit was not evidence to be used in determining appellant's guilt or innocence. Any potential prejudice by the use of the redundant language was therefore cured by the court's instructions.

Appellant next claims he was denied a speedy trial. He argues that his motion for an early trial required that he be brought to trial within 70 days under Indiana Rules of Criminal Procedure 4(b). This issue can be disposed of on procedural grounds. This Court has held that the accused has an obligation to object at the earliest opportunity when his trial date is set beyond the time limits prescribed by CR 4(b). *Lewis* v. *State,* (1976) 264 Ind. 288, 342 N.E.2d 859; *State ex rel. Wickliffe* v. *Judge of. Cr. Ct.,* (1975) 263 Ind. 219, 328 N.E.2d 420. In the case at bar the appellant clearly had opportunities during the pretrial and trial stages to object to a trial date scheduled beyond the 70-day limit set by CR 4(b). The appellant did not raise this objection however until his motion to correct errors. He has waived any right to be brought to trial within the 70 days. In so holding we do not expressly pass upon whether or not the rule was, in fact, applicable in this case; but assume for the sake of argument that it was and hold that its application was waived.

Appellant next claims that the sheriff's delay in serving the arrest warrant prejudiced his right to a fair and speedy trial. He argues that the sheriff acted unreasonably in failing to serve the warrant while appellant was incarcerated in the St. Joseph County Jail from May 2, 1975, to July 18, 1975, a period of two and one-half months. He further claims the delay was prejudicial since it affected the credibility and recollection of facts by the witnesses called to support his alibi. To support his contention he cites *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E. 2d 745. Assuming, for the sake of argument, that the *Owens* case would apply to the case at bar, we nevertheless do not find a sufficient delay in this case to prejudice the appellant

to the extent of constituting reversible error. The sheriff's delay was unfortunate, but there was no evidence that the testimony of appellant's witnesses was substantially affected by the delay. There appears to be no merit in appellant's argument.

Finally the appellant claims there was insufficient evidence at trial to sustain the jury's verdict. This Court does not weigh the evidence or judge the credibility of any witnesses. This is the province of a trial jury. The function of this Court is to review the evidence most favorable to the State and all reasonable inferences to be drawn from that evidence, and to sustain a conviction if there is substantial evidence of probative value to support the verdict of the jury. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229. In the case at bar evidence favorable to the State reveal that several victims positively identified appellant as one of the armed robbers. Two victims recognized the appellant's voice during the robbery. The record also reveals that a dangerous weapon was used to facilitate the crime in which items of value were taken. One victim testified that he was placed in fear during the robbery. The State's evidence supported a finding on each element of the crime charged. We therefore hold there is ample evidence in this record to support the verdict of the jury.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 895.