Larry David SMITH, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 282S58.

Supreme Court of Indiana.

March 10, 1983.

Patrick J. Roberts, J. Richard Sims, Cole, Haig, Roberts & Sims, Peru, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Attempted Armed Robbery, Ind.Code § 35–41–5–1; § 35–42–5–1 (Burns 1979), and sentenced to twenty (20) years imprisonment and a fine of five thousand dollars ($5,000.00). The only issue presented by this direct appeal challenges the propriety of the trial court's having given the jury the option of convicting Defendant of Attempted Robbery, Class B felony, as a lesser included offense of the Attempted Robbery, Class A felony, charged in the information (in pertinent part):

" * * * Larry David Smith did knowingly attempt to take property, to wit U.S. currency, by using and threatening the use of force, to wit a firearm or bomb, thereby putting Roger Smith in fear and causing bodily injury to Roger Smith * * *." R. at 34.

■ Defendant correctly notes that under Ind.Code § 35–42–5–1, the Robbery statute, the class B felony is not inherently included within a charge of the class A felony. *Cape v. State,* (1980) Ind., 400 N.E.2d 161, 164. However, the State, by careful draftsmanship of the information, may afford itself or the accused the option of seeking a conviction upon a lesser offense, which, though not inherently included by virtue of the statutory definitions, is nevertheless included by virtue of the allegations. *See Jones v. State,* (1982) Ind., 438 N.E.2d 972, 975. Conceivably, a criminal transaction of Robbery may include both a class A and a class B felony, and the entire transaction may be charged in one count of an information so as to allow the State to seek a conviction upon either the class A or the class B felony. Consequently, we must determine if the information at bar charges an Attempted Robbery, class B felony. Defendant argues that it does not:

"The information does not allege that the defendant committed the act 'while armed with a deadly weapon' as set out in I.C. 35–42–5–1, but only refers to the firearm or bomb as the means whereby Roger Smith was put in fear." Defendant's Brief at 13.

■ An information must state the crime in words of the statute or words that convey a similar meaning. *Askew v. State,* (1982) Ind., 439 N.E.2d 1350, 1352. Though it is undoubtedly preferable for an information for Attempted Robbery, class B felony, to contain the phrase "while armed with a deadly weapon", *Rodriguez v. State,* (1979) Ind.App., 385 N.E.2d 1208, 1209 n. 1, absent proof that the accused was mislead by the phraseology employed, we do not think that such a phrase is imperative to satisfy the due process requirement of notice. Under the law, a "firearm" is a "deadly weapon". Ind.Code § 35–41–1–2 (Burns Supp.1982), and we allow a certain degree of flexibility in the terminology employed when an information alleges the use of a deadly weapon. *Blackburn v. State,* (1973) 260 Ind. 5, 11, 291 N.E.2d 686, 690, *appeal dismissed,* (1973) 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. Measured by these standards, the information could not have mislead Defendant, and he makes no claim that he was mislead. The information states an offense of Attempted Robbery, class B felony in which the Defendant used a deadly weapon, a firearm, in an attempt to take money by force. The words employed are sufficiently similar in meaning to those used in the statute so as to convey unequivocally to Defendant that he was also charged with a class B felony. *See Heflin v. State,* (1977) 267 Ind. 427, 429, 370 N.E.2d 895, 897; *Stevens v. State,* (1981) Ind.App., 422 N.E.2d 1297, 1300 n. 4. *See also Adams v. State,* (1946) 224 Ind. 472, 474, 69 N.E.2d 21, 22.

Defendant's second assignment of error falls with his first. He argues that the trial court should have accepted his tendered instructions upon lesser included offenses. They contain only one material difference from the instructions given in that they would have instructed the jury that At-

tempted Robbery, class B felony, was not a lesser included offense of the class A felony charged. We have hereinbefore determined that issue to the contrary.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.