Hiram E. COBB, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 1084S388.

Supreme Court of Indiana.

March 16, 1987.

Briane M. House, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice. .

This is an appeal from denial of a petition for post-conviction relief. This court affirmed appellant's conviction for second degree murder and bank robbery on direct appeal in *Cobb v. State* (1980), 274 Ind. 342, 412 N.E.2d 728.

Appellant raised five issues on appeal: (1) whether his sentence of life imprisonment for second degree murder was erroneously imposed; (2) whether advisement concerning the applicability of the death penalty by both trial and appellate counsel constituted ineffective assistance of counsel; (3) whether representation provided by trial counsel constituted ineffective assistance of counsel; (4) whether representation provided by post-conviction counsel constituted ineffective assistance of counsel; and (5) whether the post-conviction court erred by denying appellant's second motion to correct errors.

I

On November 11, 1977, appellant was convicted by a jury of second degree murder. The jury's verdict further stated the appellant should be imprisoned for life. On December 27, 1977, the trial court imposed a life sentence, stating: "In trying to determine what sentence is appropriate, the Court is of course bound by the jury's verdict in this case with regard to the second degree murder charge. I must give you what the jury picked as a sentence in this case."

On direct appeal, appellant argued that the trial court erred in sentencing appellant to life because the jury was allowed to select between alternate penalties without the benefit of standards or guidelines, thus depriving appellant of due process and equal protection of the law. In discussing the issue, this Court stated that the jury's

decision with regard to sentencing "was merely a recommendation, one which was not binding on the sentencing judge." *Cobb, supra,* 412 N.E.2d at 743.

In his post-conviction action, appellant urged that the trial court erred by sentencing him to life imprisonment due to the trial court's erroneous belief that it was bound by the jury recommendation. The post-conviction court ruled that the jury's selection of a life sentence was binding and that the opinion of this Court was in error.

■ The post-conviction court is correct. The statement that the recommendation was not binding was inaccurate. *Kelsie v. State* (1976), 265 Ind. 363, 354 N.E.2d 219. The support cited by this Court refers to the bank robbery statute rather than the sentencing procedures for second degree murder. While the statute vesting the power to determine punishment for second degree murder in the jury was repealed effective October 1, 1977, the right to have the jury determine punishment in those cases begun prior to that date was specifically retained by the repealing enactment. [Acts 1976, P.L. 148, Section 28 and Acts 1977, P.L. 340, Section 151] Appellant committed the complained of offense on December 26, 1976, was charged on January 8, 1977 and his trial commenced on September 8, 1977. Consequently, since the proceedings against appellant began prior to October 1, 1977, the jury selection of life imprisonment as punishment was binding upon the trial court.

Appellant urges that if (and since) our previous statement was inaccurate, fundamental error exists because on direct appeal the issue of whether or not the jury had sufficient standards or guidelines to select between the sentencing alternatives was not decided on the merits. In the opinion on direct appeal, this Court stated:

"Generally, the fixing of penalties for crimes is the proper function of the legislature. Such penalties will not be disturbed by the judiciary unless they exceed constitutional boundaries. *Thomas v. State* (1976), 264 Ind. 581, 585, 348 N.E.2d 4, 7; *Rowe v. State* (1974), 262 Ind. 250, 256, 314 N.E.2d 745, 749. We

must also remember that the jury's decision was merely a recommendation, one which was not binding on the sentencing judge. *See* Ind.Code § 35–13–5–1 (Burns 1975). Further, we are not willing to say the jury was totally without the "guidelines" which appellant would require. Presumably, they made their decision with an eye toward the facts of the case as they found them to be." *Cobb, supra* [412 N.E.2d] at 743.

■ Reading the text of the opinion on this issue as a whole, there is no showing that the inaccurate statement precluded a decision on the merits of appellant's claim. The sentence did not exceed the constitutional boundaries and there is a specific finding that the jury was not totally without guidelines. Consequently, we hold that the statement concerning the non-binding nature of the jury's decision was mistaken, but that the issue presented by appellant was nevertheless correctly decided on the merits and therefore no cause for relief exists.

II

Appellant claims he received ineffective assistance of counsel at the trial and appellate level as a result of both counsels' advisements concerning the applicability of the death penalty.

On May 6, 1977, in *French v. State* (1977), 266 Ind. 276, 362 N.E.2d 834, this Court ruled that the mandatory death penalty provision for first degree murder was unconstitutional. On June 17, 1977, the United States Supreme Court ruled in *Dobbert v. Florida* (1977), 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 that changes in a Florida death penalty statute between the time of murder and time of the murder trial were procedural, ameliorative, and did not constitute an *ex post facto* violation. Indiana's revised death penalty statute became effective October 1, 1977, and the Indiana and Florida statutes were similar in nature.

■ Trial counsel cautioned appellant that given the *Dobbert* decision, there was a possibility the death penalty might be

found applicable in his case. Trial counsel took steps to ensure that appellant's trial commenced prior to October 1, 1977, and had entered a stipulation with the prosecutor that the death penalty would not be applicable to appellant. The fact that trial counsel attempted to caution appellant concerning the possibility of a subsequent decision making the death penalty applicable in his case was not ineffective assistance of counsel. Hindsight shows appellant could not have received the death penalty but appellant bore the potential risk of courts altering their views and that risk was assessed properly, with a high level of performance, by the trial counsel.

Appellant also executed a waiver prepared by appellate counsel directing counsel to argue on appeal that appellant was subject to the death penalty and absolving counsel of responsibility if the issue should so be decided. In presenting this type of argument, there is an inherent risk present and counsel's desire to absolve himself from responsibility should the court adopt the argument was not ineffective assistance.

Appellant appears to be asserting that he preferred the death penalty to life imprisonment and therefore his choice to proceed to trial was not meaningfully made. The weight to be given to his statement is small and the post-conviction court properly assessed that appellant received effective assistance of counsel.

### III

Appellant further insists that he received ineffective representation from trial counsel due to: (1) trial counsel advising appellant to lie and testify he had no recollection of the events; (2) trial counsel's failure to call as a witness a police officer who had twice observed appellant in an intoxicated state; and (3) trial counsel's failure to obtain severance of the charges against appellant.

These are the guidelines to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In relation to appellant's initial assertion, it is not supported by other than his own testimony and affidavit to that effect. Appellant bears the burden of proof on this issue and this bare assertion does not overcome that burden. Second, the decision to refrain from calling a witness is a matter of trial strategy, and there is no showing that counsel's failure to present this witness was not a tactical decision. As a general proposition, the decision whether to call a particular witness is encompassed within the attorney's trial strategy. Absent a clear showing of injury and prejudice, we will not declare counsel ineffective for failure to call a witness. *Osborne v. State* (1985), Ind., 481 N.E.2d 376. Further, appellant did not provide an affidavit or testimony from the officer relating what his testimony would have been had he been asked to testify. Finally, appellant claims the failure to obtain separate trials for each charge constituted ineffective assistance of counsel. As proof, appellant offered his letter of September 9, 1977, to his counsel requesting separation of the charges. He also introduced correspondence from counsel to himself dated September 26, 1977. In that letter counsel stated "This is to confirm that we discussed this issue thoroughly and you have concurred that we should not make any attempt whatsoever to separate these charges for purpose of trial." Appellant does not show that he objected to this statement. Given the evidence presented by appellant, there is no showing that the decision to forego an attempt at severance

was not a joint decision by appellant and counsel. None of the acts alleged lead to a determination that appellant did not receive adequate representation.

### IV

█ Appellant also asserts ineffective representation by post-conviction counsel. His sole basis for this claim is the failure to call trial counsel to testify at the post-conviction hearing. It is within the appropriate strategy of post-conviction counsel to rely solely on a circumstantial case rather than call a direct witness whose testimony might not be advantageous. *McCann v. State* (1983), Ind., 446 N.E.2d 1293. Further, the issue of the competency of post-conviction counsel was waived by the failure to present, through direct testimony or affidavit, the basis for post-conviction counsel's decision not to put trial counsel on the witness stand. This Court cannot determine if the decision was proper strategy without some showing of the basis for that decision.

### V

█ Finally, appellant contends that the post-conviction court erred in not permitting amendment to the motion to correct errors following the post-conviction hearing. Appellant attempted to amend the motion to correct errors more than two weeks past the sixty (60) day deadline. The decision of the post-conviction court to refuse the amendment was supported by Trial Rule 59. There must be a point of finality and it is clear that the sixty (60) day deadline is the cut off point. The post-conviction court did not err in it's decision to not permit amendment of the motion to correct error.

The denial of post-conviction relief is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.