Andrew McBRIDE, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–0507–PC–615.

Court of Appeals of Indiana.

Nov. 14, 2005.

Susan K. Carpenter, Public Defender of Indiana, John A. England, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Andrew McBride (McBride), appeals the post-conviction court's Order reducing his Class A felony robbery conviction to a Class B felony robbery conviction.

We reverse and remand for sentencing.

### ISSUE

McBride raises one issue on appeal, which we restate as follows: whether the post-conviction court erred by not reducing his Class A felony robbery conviction to a Class C felony robbery conviction.

### FACTS AND PROCEDURAL HISTORY

We adopt the statement of facts as set forth in *McBride v. State*, 515 N.E.2d 865, 866 (Ind.1987):

The evidence shows that around 10:15 p.m. on April 29, 1982, [Clifford] Pride left the Jewish Community Center in Indianapolis. A few blocks from the center, Kathy Ransford was watching television when she saw a car pull up at approximately 10:30 p.m. and park in front of her home. Ransford observed someone get out of the car, then reach back into the car and remove a clutch purse. A second car drove up and picked up the person. Ransford could not identify the person because of darkness.

The next morning, police discovered Pride's body in the car. He had been shot four times in the head, one time in the neck, and two times in the right hand. Although Pride usually carried over a hundred dollars in cash on his person, sometimes in his sock, the police found no money on the body. One of Pride's pant legs, however, was rolled up. In addition, Pride normally carried a wallet and a clutch bag. The police discovered neither.

On that same day, April 30, 1982, McBride's girlfriend, Johnnie Foster, discovered a wallet under the front seat of McBride's car. The wallet contained identification for Clifford Pride and

three of his credit cards. She purchased various items with the cards before throwing the wallet away.

Two weeks later, Foster told McBride she used the charge cards. McBride became nervous. He told her she should not have used the cards because he had killed the owner. McBride said Pride had pulled a gun on him earlier in the week because Pride thought he was "messing with" Edwin Kennedy. McBride told Foster he had waited for Pride in the back of his car at work, shot him, and left him in the car.

On November 21, 1984, the State filed an information, charging McBride with Count I, murder, a felony, Ind.Code. § 35–42–1–1 and Count II, robbery, a Class A felony, I.C. § 35–42–5–1. On August 13, 1985, after a jury trial, the jury returned a guilty verdict on all Counts. Consequently, the trial court sentenced McBride to sixty years for murder and fifty years for robbery, sentences to run consecutively.

On June 15, 2005, following a petition for post-conviction relief, the post-conviction court found that McBride had received ineffective assistance of appellate counsel based on his counsel's failure to challenge his conviction on double jeopardy grounds. Because the post-conviction court found that both charges required the jury to find the same bodily injury, in order to avoid double jeopardy, the post-conviction court reduced McBride's robbery conviction as a Class A felony to a robbery conviction as a Class B felony.

McBride now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ McBride contends that the post-conviction court erred by not reducing his Class A felony robbery conviction to a Class C felony robbery conviction. Under the rules of post-conviction relief, the peti-

tioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5. To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite to the one reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Woods v. State,* 701 N.E.2d 1208, 1210 (Ind.1998), *reh'g denied.*

■ McBride's sole allegation focuses on the post-conviction court's determination that in order to avoid double jeopardy with his murder conviction, McBride's conviction for robbery as a Class A felony should be reduced to a Class B felony, which is factually included within the Class A felony. There are three felony classes of robbery:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening to use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than the defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

I.C. § 35–42–5–1. Based on the statutory language, McBride now asserts that because the robbery charge, as stated in the charging information, did not allege the use of a deadly weapon, which is required to be convicted of a Class B felony robbery, he can only be convicted for a Class

C felony robbery. Specifically, the charging information reads as follows:

> The affiant aforesaid upon his oath aforesaid further says that [MCBRIDE] on or about the 29th day of April, A.D. 1982, at and in the County of Marion and the State of Indiana did knowingly take from the person or presence of [PRIDE] property, to-wit: A WALLET AND CONTENTS by putting [PRIDE] in fear or by using or threatening the use of force on [PRIDE] which resulted in serious bodily injury to [PRIDE], to-wit: MORTAL GUNSHOT WOUNDS

(Appellant's App. p. 77).

In support of his argument, McBride focuses this court's attention on *Francis v. State*, 758 N.E.2d 528 (Ind.2001), which we find to be directly on point. In *Francis*, the defendant was similarly charged with a Class A felony robbery, in pertinent part, as follows:

> [Francis] ... did knowingly take from the person or presence of [named victim] property, that is: United States currency and cocaine, by putting [named victim] in fear or by using or threatening the use of force on [named victim], which resulted in serious bodily injury, that is: mortal gunshot wounds ...

*Id.* at 534. In comparing the different felonies, our supreme court stated that robbery as a Class C felony is an inherently included lesser offense of robbery as a Class A felony. *Id.* The court clarified that it is not possible to commit the greater offense of robbery without committing the lesser offense as well. *Id.* However, the *Francis* court noted that whether robbery as a Class B felony is either an inherently included or a factually included lesser offense of robbery as a Class A felony depends on the wording of the charging information. *Id.* Accordingly, our supreme court found the charging information to be determinative in establishing whether the charge sufficiently alleges the "armed with a deadly weapon" variety of a Class B felony robbery for it to be a factually included lesser offense of robbery as a Class A felony. *Id.* Applied to the charging information in *Francis*, the court concluded that the information did not sufficiently allege the armed with a deadly weapon variety of a Class B felony robbery, and thus it was not a factually included lesser offense of robbery as a Class A felony. *Id.* at 535.

As the State attempted in *Francis*, likewise, the State here, attempts to distinguish *Francis* by referring to *Smith v. State*, 445 N.E.2d 998 (Ind.1983) and by arguing that other parts of the record and circumstances show that McBride was put on notice that he was alleged to have been in possession of a deadly weapon. In this regard, the State first points to the uncontested jury instructions as evidence that the parties considered the Class B felony to be a lesser included offense of the Class A felony robbery. Secondly, the State claims that the language of the murder charge, which specifically alleges that McBride killed "Pride with a gun, thereby inflicting mortal gunshot wounds ..." is sufficient to establish that McBride was in possession of a deadly weapon (Appellant's App. p. 77).

We are not persuaded. Our supreme court in *Francis* conclusively established that only the charging information is to be considered in determining whether a Class B felony robbery is the factually included lesser offense of a Class A felony. Furthermore, as the *Francis* court noted, while it may be true that only a deadly weapon can inflict a gunshot wound, here it cannot be said that the phrase "mortal gunshot wound" was contemplated to put McBride on notice that he was being charged with the "armed with a deadly weapon" variety of robbery. *Francis*, 758

N.E.2d at 535. Rather, the phrase describes the bodily injury—death—to the victim. In essence, it serves to emphasize that the information is alleging a Class A felony robbery. *See id.*

Accordingly, as in *Francis,* we conclude that the information in this case did not sufficiently allege the armed with a deadly weapon variety of a Class B felony robbery, and thus it was not a factually included lesser offense of robbery as a Class A robbery. Consequently, we find that the post-conviction court erred by not reducing McBride's Class A felony robbery conviction to a Class C felony robbery conviction.

### CONCLUSION

Based on the foregoing, we conclude that McBride's Class A felony robbery should be reduced to a Class C felony robbery. We remand to the post-conviction court for sentencing.

Reversed and remanded.

BAKER, J., and MATHIAS, J., concur.