TERRY MICHAEL SCHUSTER *v.* STATE OF INDIANA.

[No. 472S43. Filed October 31, 1973.]

*Barrie C. Tremper,* Public Defender, *Thomas L. Ryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction of the Commission of a Robbery while Armed (IC 1971, 35-13-4-6, being Burns § 10-4101, and IC 1971, 35-12-1-1, being Burns § 10-4709) after a trial by jury in the Allen Circuit Court, Honorable Herman F. Busse presiding. Appellant was sentenced to a determinate sentence of fifteen years in prison. His sole contention is that the evidence produced at his trial is insufficient as a matter of law to support his conviction.

The State produced two primary witnesses at the trial: Harry Fonner, the victim of the robbery, and George Kearney, an alleged accomplice of the appellant. Fonner testified that on February 6, 1971, he left the Cat's Meow Bar at about 10:00 P.M. In the parking lot of the bar he noticed a car parked next to his pick-up truck with a young boy sitting inside. The boy waved at him and Fonner thought he recognized the boy as a laborer he once hired for his construction company. Fonner got into the front seat of the car but realized this was not the same boy; however he stayed in the car exchanging conversation. After some minutes the boy asked Fonner if he was a homosexual. Fonner replied he was

not and asked the boy what he was doing in the parking lot at that time of night. The boy replied he was waiting for his father who was drinking in another nearby tavern. Fonner testified that he told the boy he was going to wait until his father came back to the car and inform him of the boy's question concerning homosexuality. Fonner stated that he then placed his arm around the boy to restrain him from leaving the car.

Some minutes later the car door opened and a girl got into the car. Fonner decided to get out of the car but when he did so he was confronted by two men who shoved him back against the car. One man threatened to kill Fonner if he moved and Fonner saw the man holding a pistol in his hand. Fonner identified this man as the appellant. The other man was subsequently identified as George Kearney.

Appellant handed the gun to the girl and the men searched Fonner taking the keys to the truck, his wallet, which contained about $50.00, and several credit cards. Fonner was ordered back into the car and was driven along with the boy to an apartment by Kearney. The appellant and the girl left in Fonner's pick-up truck in order to purchase tires for the appellant's car with Fonner's credit cards.

Fonner testified that after waiting at the apartment with Kearney for some time appellant and the girl returned with his truck. The two men then demanded that Fonner make out checks for each of them from his checkbook which they had found and Fonner testified that he therefore wrote them two checks in the amount of $125.00 each.

Fonner stated that he was then driven by Kearney and the boy to a restaurant on the outskirts of Fort Wayne and told to wait there for appellant and the girl who would return his truck. After waiting approximately one-half hour Fonner contacted the police.

The State's other main witness was George Kearney who identified himself as appellant's partner on the night of the incident. Kearney testified that he was in a tavern with

the appellant and appellant's girlfriend, one Ann Brown. As they left the tavern they noticed someone was sitting in appellant's car with their friend Michael Holland, who had been waiting in the car since he was to young to drink. Kearney stated that the appellant produced a gun from under his shirt and demanded money from the man in the car. The man handed over his wallet and also keys to a pick-up truck parked along side. Kearney also testified that he waited at the apartment with Fonner while the appellant purchased tires for his car, and that Fonner gave checks to both appellant and himself. He also acknowledged that he drove Fonner to the restaurant parking lot and left him there.

For its case the defense produced testimony from both the appellant and Ann Brown. The appellant testified that on the night of the incident he was in a tavern with Ann Brown and George Kearney. Some time during the evening Ann Brown went out to the parking lot to put something in his car and when she returned she told them that there was a man in appellant's car molesting Holland. The three went out to the car and found a man in the car with his arm around Holland and the zippers on their pants down. The appellant pulled the man out of the car and searched him for weapons. The appellant then told Kearney to call the police but the man told them that he would pay them if they did not notify the authorities. The appellant and Kearney agreed and the man gave them checks, cash, credit cards and the keys to his pick-up truck. Appellant denied having a gun. Ann Brown's testimony substantiated that of the appellant.

Appellant contends that the evidence at trial is insufficient to show an intent to unlawfully take anything of value from Fonner; that the evidence demonstrates that Fonner actually offered the items involved in return for not calling the police and not because of threats of violence by the appellant. The appellant also asserts that the State failed to prove that the $50.00 taken from Fonner was "lawful currency of the

United States of America" as was alleged in the charging affidavit.

Before dealing with these specific issues we feel constrained to again reiterate that when we are called upon to decide an appeal alleging insufficient evidence it is not our function as an appellate court to weigh the evidence or to resolve questions concerning the credibility of witnesses. *Priola* v. *State* (1973), 260 Ind. 117, 292 N. E. 2d 604. Rather we will look to that evidence introduced at trial, and the reasonable inferences which could be drawn from that evidence, which support the findings of the trial court. The conviction will be affirmed if there is evidence of probative value from which a jury could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

The material elements of the crime charged here as defined by the statutes (Burns § 10-4101 and Burns § 10-4709) and the affidavit are, (1) the taking of an article of value from another by a person over sixteen years of age; (2) by placing one in fear and (3) while armed with a dangerous or deadly weapon. *Moore* v. *State* (1972), 257 Ind. 715, 276 N. E. 2d 840. The testimonies of both Fonner and Kearney that appellant had produced a gun and demanded money from Fonner and that Fonner therefore gave $50.00 in cash along with credit cards and the keys to his vehicle to appellant is clearly sufficient to satisfy the requisite elements. If appellant's intention initially was to investigate a stranger sitting in his automobile the State's evidence reveals that it subsequently became an intention to take Fonner's possessions through the use of threats and the display of a deadly weapon. The appellant's contentions concerning Fonner's alleged offers of money in return for not notifying the authorities would require us to disbelieve the State's witnesses and adopt his version of the offense, and as we stated previously, the function of weighing credibility is to be performed by the fact finder at the trial level and not by us on appeal.

Appellant's second contention that the evidence concerning the money taken from Fonner's wallet was insufficient since no testimony was introduced to show that the $50.00 taken from Fonner was "lawful currency of the United States of America" is also without merit. The elements of this offense outlined above requires that an "article of value" be taken from the victim. Appellant makes no contention that the direct testimony of Fonner that "fifty dollars" was taken would not suffice as an article of value. He does assent, however, that since the charging affidavit alleged that the $50.00 was "lawful currency of the United States of America" the State was constrained to establish more than just the taking of $50.00 but additionally to show that this money was at that time "lawful currency of the United States of America." Indiana Code 1971, 35-1-23-21, being Burns § 9-1118, specifically states that when an affidavit or indictment makes allegations concerning money it is not necessary to specify or establish the exact species of exchange which is involved but it is sufficient to describe the money simply as money. Since the phrase "lawful currency of the United States of America" is not a necessary element of the offense the allegation concerning it need not be proved in order to sustain a conviction. Moreover the use of this phrase in the affidavit could not have mislead or confused appellant as to the nature of the charges against him.

The case of *Lewis* v. *State* (1887), 113 Ind. 59, cited by appellant in support of his contention concerned an older form of common law pleading and the rule in that case has not been adhered to for decades. Indiana Code 1971, 35-1-23-26, being Burns § 9-1127; *Thorne* v. *State* (1973), 260 Ind. 70, 292 N. E. 2d 607; *Boyd* v. *State* (1971), 256 Ind. 22, 266 N. E. 2d 802; *Crickmore* v. *State* (1938), 213 Ind. 586, 12 N. E. 2d 266.

The judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 302 N. E. 2d 496.