WILLIAM COX *v.* STATE OF INDIANA.

[No. 677S413. Filed February 8, 1978.]

*George K. Shields, Esquire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was tried by jury and convicted of armed robbery. A sentence of fifteen years was imposed.

On December 12, 1975, between 3:30 p.m. and 4:00 p.m., the Dial Finance office in Indianapolis, Indiana, was closed. Appellant came to the door purporting to be a customer. An employee, recognizing his face and thinking him to be a customer, unlocked the door and let him in, whereupon appellant pulled a gun and demanded money. Appellant fled with $564.00. Two employees thereafter gave a description of the bandit to the police and two or three weeks later both selected a mug shot of appellant as the man who had robbed the office.

Appellant first raises four issues concerning the sufficiency of the State's evidence. He first claims the State produced only a mere suspicion of his guilt because the pretrial identification procedures were tainted, in that the two employees, with the help of the police, got together and picked out appellant's picture and then selected him from a lineup when they knew beforehand he would be present. However proper or improper the procedures in the identification process were, that point need not be decided in this case. Each witness made an independent identification of the appellant at the trial. They both positively identified him as the bandit and testified that the robbery was in the afternoon and lasted at least two minutes, during which time they were able to observe him from close range. We hold there was no error in admitting the identification evidence. *Cooper* v. *State*, (1977) 265 Ind. 700, 359 N.E.2d 532. The testimony of the eyewitnesses was sufficient to uphold the verdict of the jury. *Bryant* v. *State*, (1972) 257 Ind. 679, 278 N.E.2d 576.

Appellant next contends the State failed to prove he was armed with a dangerous or deadly weapon as required by *Schuster* v. *State*, (1973) 261 Ind. 299, 302 N.E.2d 496. Both victims testified that appellant pulled a gun and demanded money. They described the weapon as a small handgun with a blue or gray-blue cast. This evidence was more than sufficient for the jury to have found appellant was armed with a deadly or dangerous weapon.

Next appellant claims the State failed to prove the victims were put in fear as required by *Schuster* v. *State, supra.* The State need not present direct proof of the victim's fear; rather "an inference of fear can be reasonably drawn from an act of robbery. See *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828. In fact, to infer otherwise would border on the absurd." *Burton* v. *State,* (1973) 260 Ind. 94, 112, 292 N.E.2d 790, 801. In the case at

bar both witnesses testified they were afraid of appellant. There is ample evidence in this record upon which the jury could find that the victims were placed in fear by the appellant.

Appellant next claims the State failed to prove he was at least sixteen years of age. In a recent case, *McGowan* v. *State*, (1977) 267 Ind. 16, 366 N.E.2d 1164, this Court held that the State carries a presumption in its favor as to the age and sex of the accused until that presumption is questioned by the defendant. In the case at bar the defendant did not raise the question of his age. Furthermore three witnesses gave their opinions as to appellant's age and the appellant himself took the stand. The jury had sufficient evidence before it from which it could reasonably have inferred appellant's age. *Willoughby* v. *State*, (1966) 247 Ind. 210, 214 N.E.2d 169; *Watson* v. *State*, (1957) 236 Ind. 329, 140 N.E.2d 109.

Appellant next claims the trial court erred in refusing to grant him a continuance when just prior to closing argument he raised a question as to the authenticity of a picture used to identify him as the bandit. He claims the picture introduced was not the same one used at the police station or at his prior trial. When defense counsel conceded that the picture bore the evidence stamp from the first trial, the judge overruled the motion. The granting of a motion for continuance rests within the sound discretion of the trial court. TR. 53.4; *King* v. *State*, (1973) 260 Ind. 422, 296 N.E.2d 113. In the case at bar the judge clearly did not abuse his discretion.

The judgment of the trial court is in all things affirmed.

Hunter, DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 176.