Jack LAIRD, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S233.

Supreme Court of Indiana.

Oct. 3, 1985.

Mark A. Ryan, Public Defender, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of three counts: Count I, Dealing in a Schedule II Controlled Substance; Count II, Theft and Count III, Possession of a Controlled Substance. The court imposed the following sentence: Twenty (20) years on Count I; four (4) years on Count II; four (4) years on Count III, the sentences to run concurrently.

The facts are: Appellant and another man planned to burglarize a pharmacy in Valparaiso, Indiana. During the evening of May 1 they went to the pharmacy. While the other man served as lookout, appellant climbed to the roof of the structure. There he began to remove the roofing material in an attempt to gain entrance. Before appellant could accomplish this task the other man indicated his desire to withdraw from the project. Appellant left the roof and drove the man home. Later that evening someone gained entrance to the building through a hole which had been opened through an outside wall.

About 5:00 a.m. on May 2, 1983, appellant went to the home of his girlfriend, Lori Siple. He told her to call her employer and arrange to take the day off as they were going to Lafayette. As they drove in appellant's car, Siple noticed her beach bag in

the backseat. When she opened the bag she saw pills. Some of the pills were in their marked containers and others were loose in the bag. Appellant told her he had "pulled a job" but would not reveal the location.

Appellant drove to the home of Mike Bugher. Appellant took the bag from the car and gave it to Siple. He instructed her to carry the bag into the home and give it to Bugher. She performed this task. Bugher then took the bag into a bedroom where he, appellant and Siple sorted the drugs and repackaged some for future sales. Appellant received a percentage from the sale of those packaged drugs.

Appellant argues there was a lack of sufficient evidence to support the conviction as to Count I. Ind.Code § 35–48–4–2 provides that anyone who manufactures or delivers a controlled substance, with certain exceptions, or possesses with intent to manufacture or deliver a controlled substance, with certain exceptions, is guilty of a crime. The word "delivery" is defined by Ind.Code § 35–48–1–1 as follows: " 'Delivery' means an actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Appellant contends the evidence supports the proposition that he possessed the drugs but not his delivery of them. He argues the evidence demonstrates Siple delivered the drugs to Bugher.

■ The State correctly contends this is the situation contemplated by the concept of constructive transfer. The State argues the drugs were transferred for appellant and at his request. We find this case to be analogous to *Radford v. State* (1984), Ind., 468 N.E.2d 219. In *Radford* a police informant and the defendant discussed the possibility of consummating a drug transaction. After agreeing on a price, the defendant took money from the informant. This money was, in turn, given to a third party who gave the drugs to the informant. We found this evidence was sufficient to support a conviction for dealing in narcotics.

We also find the facts in the case at bar to be similar to those of *United States v. Walker* (7th Cir.1974), 503 F.2d 1014 where the defendant negotiated a drug transaction and caused her daughter to hand the drugs to the buyer. The defendant was charged under a statute which defined delivery in terms nearly identical to those in Ind.Code § 35–48–1–1. The court found the defendant-mother had adequate control over the drugs to cause them to be delivered and that was all the statute required. We find the evidence supports the verdict in the case at bar.

Appellant contends the trial court erred when it denied his oral motion for a continuance which was sought due to the absence of a defense witness. Appellant's counsel had spoken with the witness, Robert McWairter, Siple's employer, and sought to compel his attendance through the use of a subpoena. The subpoena was returned as undelivered due to the fact McWairter was on vacation.

■ Ind.Code § 35–36–7–1 outlines the procedures to be followed when a continuance is sought on these grounds. Among other things, the statute provides that the person asking for the continuance must show due diligence in attempting to obtain the evidence and must state the facts to which he believes the witness will testify. Appellant's motion was not in compliance with the statute. Appellant's failure to comply with the statutory requirements results in the trial court's ruling being reviewed under the abuse of discretion standard. *Beal v. State* (1983), Ind., 453 N.E.2d 190. An abuse of discretion is demonstrated when appellant shows prejudice resulting from the denial of the continuance. *Brewer v. State* (1983), Ind., 449 N.E.2d 1091.

Appellant argues the denial of the motion operated to deny him his constitutional right to have compulsory process for obtaining witnesses in his behalf. We do not agree. Appellant was well aware of the date established for trial. He had ample opportunity to serve the subpoena and seek

the court's assistance in enforcing it if necessary. *See Rowe v. State* (1983), Ind., 444 N.E.2d 303. We acknowledge appellant did attempt to serve a subpoena; however, his tardiness in making the attempt precluded other efforts to compel the testimony within the time frame of the trial.

■ Appellant's failure to enunciate the facts to which the witness would testify, prevents this court, as it prevented the trial court, from determining whether appellant was in fact prejudiced by the absence of the witness. We find the trial court did not abuse its discretion when it denied the motion for a continuance.

Appellant contends the trial court erred when it gave the following final instruction:

"You are instructed that under the law of the State of Indiana a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense;

(3) has been acquitted of the offense."

This instruction follows Ind.Code § 35–41–2–4.

■ A jury may be instructed concerning an accessory where the accused is charged as a principal if there is sufficient evidence to support the instruction. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365. The evidence of appellant's actions with Siple is sufficient to support the giving of the instruction.

Appellant suggests the instruction was improper as it was an incomplete statement of the law. He argues the instruction failed to set out the elements for conviction. He contends the proper instruction can be found in the *Indiana Pattern Jury Instruction (Criminal)*, number 2.11 (1980).

■ An instruction which is a correct statement of the law will not be found to be erroneous merely because it was not a fuller statement of the law. *Shields v. State* (1983), Ind.App., 456 N.E.2d 1033. Further, any alleged error was waived by appellant's failure to provide his own more complete instruction. *Clemons v. State* (1981), Ind., 424 N.E.2d 113.

Appellant contends the court erred when it did not strike a written presentence memorandum prepared by the State and submitted to the court on the day before the sentencing hearing. He first contends there is no statutory authority for the State to offer such a memorandum. He cites Ind.Code § 35–38–1–11 which expressly authorizes the criminal defendant to draft a document of this nature. The statute is silent as to the State's authority to submit a document of this nature. Appellant argues that by submitting the memorandum the State was allowed two opportunities to argue its contentions. He also maintains the memorandum could serve to preempt the presentence report.

■ We find no merit to these arguments. The State is permitted to place before the court information it believes to be relevant to the sentencing decision. The form used to convey that information in the case at bar is permissible. We do not accept the proposition that the trial court will be unduly influenced by the presentation of both a written memorandum and an oral argument from the State. The factors to be considered by the court in determining a sentence are outlined in Ind.Code § 35–38–1–7. We presume the trial courts of this state are competent to carry out this task.

Appellant contends the trial court erred when it declined to strike from the State's memorandum and from the presentence report copies of newspaper articles. Following appellant's conviction for another crime in 1974, he consented to be interviewed by a local newspaper reporter. These interviews provided the basis for a series of stories printed in a Lafayette newspaper. In this series appellant's past criminal life is chronicled. The articles described the method appellant used to commit several

burglaries and advised local residents of how to protect their property. Appellant moved to strike the articles as they contained hearsay testimony which exceeded the due process requirements that the information to be considered by the court at the time of sentencing be accurate and reliable.

■ We find appellant's argument is rendered moot by the statement of the trial court when it imposed the sentence. The court stated:

"All right. Mr. Laird, there's been considerable testimony and comment made this morning and this afternoon about these newspaper articles pertaining to the—resulting, rather, from the conviction which you had in 1974 for second degree murder, and I do not feel that these articles have a great deal, if any bearing upon what sentence you should receive, and in fact, I am not going to consider anything in those articles in imposing the sentence here this afternoon."

Considering the court's statement, we find no basis in appellant's argument.

. The trial court is in all things affirmed.

All Justices concur.