Andrew **REINHARDT**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 29A02–0708–CR–676.

Court of Appeals of Indiana.

Feb. 15, 2008.

S. Neal Ziliak, Noblesville, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

Andrew Reinhardt (Reinhardt) was charged with Dealing Cocaine as a Class A felony alleging that he "did knowingly deliver cocaine to a *confidential informant* in

an amount greater than three (3) grams." Appellant's App. at 10. (Emphasis Supplied). The evidence reflected that Reinhardt delivered cocaine to John May who in turn, and not in Reinhardt's presence, delivered the cocaine to a confidential informant.

It is Reinhardt's appellate contention that there is a fatal variance between the charge and the evidence in that he did not deliver the cocaine to the confidential informant.[1] As a corollary, he also argues that the variance constitutes fundamental error and therefore the issue was not waived by failure of counsel to object at trial.[2]

## I. Variance

■■■ A variance is an essential difference between proof and pleading. *Childers v. State*, 813 N.E.2d 432 (Ind.Ct.App. 2004). Not all variances, however, require reversal and as a general proposition, failure to make a specific objection at trial waives any material variance issue. *Hall v. State*, 791 N.E.2d 257 (Ind.Ct.App.2003). Nevertheless, a variance is deemed fatal if the defendant is misled by the charge in the "preparation and maintenance of his defense, [and if he was] harmed or prejudiced thereby." *Childers, id.* at 436.

■■ We first observe that Reinhardt was charged with actual delivery of the cocaine not merely possession with intent to deliver. The controlling statute, Ind. Code § 35–48–4–1, specifies that either of such conduct constitutes the crime of "dealing in cocaine." It is our holding that as charged the State was obligated to prove actual delivery of cocaine by Reinhardt. The record shows that the State did so but that the direct delivery was to a person other than as alleged in the charge.

■■■ Reinhardt asserts that the variance "related to a specific element of the offense of Dealing in Cocaine, namely a recipient of the delivery." Appellant's Brief at 10. To be sure, the State did allege a specific recipient. However the statute does not set forth that the identity of the recipient must be alleged. We therefore conclude that it is not an essential element of the crime. The act which is criminalized is the act of delivering cocaine. It applies to the deliverer or transferor and not to the recipient and therefore "the latter's identity is not an essential element of the offense." See 28 C.J.S. *Drugs and Narcotics*, § 158 at p. 750. The State must prove that a delivery took place to someone but not to any particular person.[3]

This case is not substantially dissimilar to *Hall*, in which one of two co-defendants was charged with mutilating an animal by firing "thirty projectiles from a shotgun." 791 N.E.2d at 260. The proof was that the

1. In its final instructions, the trial court advised the jury of the verbatim charge and read the statutory definition of the offense of Dealing in Cocaine under Ind.Code § 35–48–4–1(a), which requires delivery. The court, however, did not purport to instruct as to the elements which the State was required to prove, other than to tell the jury that in order to convict they must find that the State proved the defendant's guilt beyond a reasonable doubt.

2. Reinhardt does not challenge his conviction for Possession of Cocaine as a Class D felony.

This conviction was based upon facts separate and apart from the Dealing offense.

3. Our situation is to be distinguished from other cases in which the identity of a particular person is essential to the charge and must be proved. See *Whaley v. State*, 843 N.E.2d 1 (Ind.Ct.App.2006) and *Bonner v. State*, 789 N.E.2d 491 (Ind.Ct.App.2003) (holding that where multiple law enforcement officers are involved in a chase, the identity of the particular officer or officers from whom the defendant is fleeing is essential to a charge and conviction for Resisting Law Enforcement).

particular defendant used a rifle whereas the other co-defendant was armed with a shotgun. This court noted that the "means used to commit animal cruelty is not an element of the crime," and therefore held there was not a fatal variance. *Id.* at 261.

Ind.Code § 35–34–1–2 requires the charging information or indictment to "set forth the nature and *elements* of the offense charged in plain and concise language without unnecessary repetition." (Emphasis supplied). Citing *Richardson v. State*, 717 N.E.2d 32, 51 (Ind.1999), this court in *Bayes v. State*, 779 N.E.2d 77, 80 (Ind.Ct.App.2002), repeated the principle that the State is not required to "include detailed factual allegations in the charging instrument" but may nevertheless "choose to do so." We deem the State's phrasing of this charge to be just such a choice. Accordingly, the unnecessary allegation as to the identity of the ultimate recipient of the cocaine is considered surplusage.[4]

Importantly and recently, our Supreme Court discussed the matter of variance, surplusage, and when a conviction must be reversed under allegations of fatal and material variance. In *Winn v. State*, 748 N.E.2d 352, 356 (Ind.2001) (quoting *Mitchem v. State*, 685 N.E.2d 671, 676 (Ind. 1997)), the Court observed that an allegation is deemed surplusage when the specific facts alleged "could have been entirely omitted without affecting the sufficiency of the charge against the defendant." The *Winn* court went on to state:

> When the factual allegations in the charge are not necessary to the sufficiency of the charge, a greater variance

between the allegations and the proof is tolerated before finding the variance material or fatal. To award relief on the basis of a variance between allegations in the charge and the evidence at trial, the variance must be such as to either have misled the defendant in the preparation and maintenance of his defense with resulting harm or prejudice or leave the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event, facts, and evidence.

748 N.E.2d at 356. (Citation omitted).

█ In keeping with the *Winn* holding, we acknowledge that a particular allegation which is surplusage might nevertheless be so substantial as to mislead the defendant in the preparation of his defense. As hereinbefore suggested, a variance will result in reversal only if the variance is material.

█ In the case before us, Reinhardt asserts that he was misled in the preparation and maintenance of his defense in that he stressed to the jury during voir dire and closing argument that the State made a choice to phrase the charge as it did and therefore must be held to the burden of proving the allegations made. In this regard, he specifically focused upon the fact that there was no evidence that Reinhardt had any contact with the confidential informant.

The State counters that over two years before trial, Reinhardt had been advised by counsel that John May was likely to plead guilty in return for testimony against Reinhardt with regard to the events charged. Furthermore, prior to

---

4.  An ancient case, *Lewis v. State*, 113 Ind. 59, 62, 14 N.E. 892 (Ind.1888), appears to have decided otherwise, holding that "unnecessary matters of description in an indictment or information must be proved as charged...." *Lewis*, though not specifically, was certainly impliedly overruled by *Schuster v. State*, 261 Ind. 299, 302 N.E.2d 496 (Ind.1973). *Schuster* stated that *Lewis* "concerned an older form of common law pleading and the rule in that case has not been adhered to for decades." *Id.* at 304, 302 N.E.2d 496.

the commencement of the trial, during consideration of defendant's motions in limine the prosecutor specifically said in the presence of Reinhardt and his counsel that "Mr. May[ ]" is the person to which the Defendant did deliver the drugs. Transcript at 38. He was therefore aware that May would implicate the defendant in the matter of delivery and even at the eleventh hour prior to trial Reinhardt could have sought a continuance in order to revise his defense. He did not do so. We therefore conclude that the defendant was not harmed or prejudiced in the preparation and maintenance of his defense so as to dictate reversal. In point of fact, at trial May did testify, as indicated, to the effect that Reinhardt provided the cocaine which May in turn delivered to the confidential informant.

## II. Delivery

An alternative basis for affirming the conviction exists here. The statutory requisite of delivery need not be directly from the hand of the defendant. In *Smalley v. State*, 732 N.E.2d 1231 (Ind.Ct. App.2000), this court held that the defendant was correctly convicted of delivery of cocaine when he procured a third person to obtain cocaine and when that third person handed the cocaine to the undercover police officer. This holding was premised upon Ind.Code § 35–48–1–11, which defines delivery as "an actual or constructive transfer from one person to another" or "the organizing or supervising" of an actual or constructive transfer.

This statute was discussed by our unanimous Supreme Court in *Laird v. State*, 483 N.E.2d 68 (Ind.1985), in which the Court held that delivery occurred by the defendant Laird when he gave the bag containing a controlled substance to his girlfriend and instructed her to take it inside a residence and give it to the intended and actual recipient. Here, as in *Smalley* and *Laird*, Reinhardt delivered the cocaine in question. We hold that it is of no moment that Reinhardt did not know the identity of the person to whom May intended to and did deliver the cocaine. It is enough that pursuant to agreement May met Reinhardt at a gas station in order to accept delivery from Reinhardt of a substantial quantity of cocaine to then be delivered to the confidential informant. May had either already paid the $400 buy-money from the confidential informant to Reinhardt or paid it to Reinhardt at the time of the transfer of the drugs.

The judgment of conviction for Dealing in Cocaine is affirmed.

RILEY, J., and MAY, J., concur.