## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Glenn,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 29, 2016

Court of Appeals Case No.
49A04-1511-CR-2015

Appeal from the Marion Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause No.
49G04-1311-FA-73295

**May, Judge.**

[1] Michael Glenn appeals his conviction of Class B felony aggravated battery.[1] Glenn argues there was a material variance between the charge and the evidence at trial. He also alleges there was insufficient evidence to prove his intent beyond a reasonable doubt. We affirm.

## Facts and Procedural History

[2] Glenn is an experienced mixed martial arts ("MMA")[2] fighter who has fought professionally several times. On the night of July 21, 2013 and into the morning of July 22, 2013, Glenn worked security at the door of a nightclub in Indianapolis. As part of his job, he collected the club's cover charge.

[3] Felix Achoch arrived at the nightclub at around 1:00 a.m. but refused to pay the cover charge. The promoter of the night's event told Glenn to let Achoch in without paying because he was a regular customer. Achoch decided not to stay at the nightclub. As Achoch left, Glenn grabbed Achoch and threw him out the door. Achoch landed on his feet and continued walking away from the club. Glenn followed Achoch and talked about how Achoch did not want to pay the cover charge. Glenn "pick[ed] [Achoch] up off the ground by his waist and slam[med] him over [Glenn's] back," (Tr. at 134), a maneuver the MMA community refers to as a "suplex." (*Id.* at 127-28.) Achoch landed on his head

---

[1] Ind. Code § 35-42-2-1.5 (1997).

[2] MMA "involves different martial arts. Primarily, it is striking, which could be boxing or kickboxing. Then there is the take-down aspect which can involve wrestling, judo, anything involving throws, take-downs. Then there is grappling, again, with wrestling or Russian Sambo or Brazilian jujitsu." (Tr. at 159.)

and started twitching. Glenn then repeatedly punched Achoch in the face and kicked him. By the time Glenn stopped, Achoch was bleeding from the ears. Glenn then said, "I told you I was going to have to flex somebody." (*Id.* at 121.) An on-looker equated the word "flex" with "flatten." (*Id.*) Glenn also yelled "[r]oll the dice, you lose your life." (*Id.* at 124.)

[4] Someone flagged down Officer Scott Rodriguez. Officer Rodriguez found Achoch standing underneath an awning. Achoch was bleeding from his ears, appeared unsteady on his feet, and did not respond to questions. Police summoned an ambulance. Achoch spent eight days in the hospital and ultimately died from "complications of multiple blunt force traumatic injuries to the head." (State's Ex. 21, Dr. Randy Tashjian deposition at 24:14-25:21.) As a result of the multiple impacts to Achoch's head, his brain swelled and his skull was fractured in three places.

[5] On November 13, 2013, the State charged Glenn with Class A felony robbery[3] and Class B felony aggravated battery.[4] The robbery charge was dismissed. The Information regarding the battery charge alleged "Michael Glenn . . . did knowingly inflict injury, that is: multiple blunt force injuries, on another person, namely: Felix Achoch, that created a substantial risk of death to Felix Achoch, by striking and/or kicking at and against the person of Felix Achoch." (App.

---

[3] Ind. Code § 35-42-5-1 (1984).

[4] Ind. Code § 35-42-2-1.5 (1997).

Vol. 1 at 31.) On August 24, 2015, the court conducted a bench trial. The trial court found Glenn guilty of aggravated battery and said: "Even if there weren't testimony that supported the language 'striking at,' there is testimony that supports the suplex maneuver which would have, and could have, in that situation, caused an injury that could later turn to be fatal." (Tr. at 222.)

# Discussion and Decision

## I. Variance

[6] "A variance is an essential difference between proof and pleading." *Reinhardt v. State*, 881 N.E.2d 15, 17 (Ind. Ct. App. 2008). To produce reversible error, a variance must mislead the defendant in formulating a defense, which causes prejudice or harm, or it must pose a double jeopardy risk. *Winn v. State*, 748 N.E.2d 352, 356 (Ind. 2001). A double jeopardy risk may arise when the State charges a person several times with crimes based on the same set of operative facts, as the successive charging may violate the continuing crime doctrine. *Walker v. State*, 932 N.E.2d 733, 736-737 (Ind. Ct. App. 2010), *reh'g denied*.

[7] Glenn notes the State charged him with "multiple blunt force injuries . . . that created a substantial risk of death . . . by striking and/or kicking at and against . . . Achoch," (App. Vol. 1 at 31), and he argues the State proved only the suplex maneuver created a substantial risk of death. We disagree.

[8] The evidence demonstrated that, after Glenn dropped Achoch onto his head, Glenn punched Achoch in the face multiple times. After the suplex, Achoch

was twitching, but after the punches, Achoch was bleeding from his ears. Achoch suffered multiple brain hemorrhages, skull fractures, and contusions on the left and frontal lobes of his brain. The forensic pathologist testified Achoch died from "complications of multiple blunt force traumatic injuries to the head." (State's Ex. 21, Dr. Randy Tashjian deposition at 24:14-25:21). That testimony demonstrates Achoch died from *multiple* injuries to his brain, which would have included Glenn's strikes to Achoch's face while Achoch lay on the pavement after Glenn performed the suplex maneuver. Thus, there was no variance between the charging information and the evidence presented at trial. *See, e.g., Matthews v. State*, 978 N.E.2d 438, 446 (Ind. Ct. App. 2012) (misstatement of street on which defendant had been in public for purposes of public intoxication charge was not material variance where charged street was one of several involved in the series of events for which Matthews was charged), *trans. denied*.

## II. Sufficiency of the Evidence

[9] We do not evaluate the credibility of witnesses or reweigh the evidence when reviewing a trial court's decision. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We "must consider only the probative evidence and reasonable inferences supporting the verdict." *Id.* We must affirm if a reasonable fact-finder could find guilt beyond a reasonable doubt. *Id.*

[10] Class B felony aggravated battery occurs when "a person . . . knowingly or intentionally inflicts injury on a person that creates a substantial risk of death." Ind. Code § 35-42-2-1.5 (1997). When the State charged Glenn, it alleged only

that he acted "knowingly." (App. Vol. 1 at 31.) "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

[11] Glenn contends the State did not prove he knowingly created a substantial risk of death because he fights all the time and has not killed anyone. However, Glenn is an experienced MMA fighter who has fought multiple times. Glenn dropped Achoch onto his head on pavement, which caused him to begin twitching, and then Glenn punched and kicked Achoch until he had blood coming out of his ears. If that weren't enough to demonstrate Glenn knew he created a substantial risk of death, Glenn's own words at the scene contradict his argument. Glenn bragged about knowing he would "flex somebody," (Tr. at 121), and announced if you "roll the dice, you lose your life." (*Id*. at 124.) A reasonable fact-finder could find beyond a reasonable doubt that Glenn knowingly created a substantial risk of death. *See Owens v. State*, 659 N.E.2d 466, 473 (Ind. 1995) (explaining how a reasonable jury could have found beyond a reasonable doubt the defendant knowingly killed the victim because of the brutality of the beating combined with threats to witnesses), *reh'g denied*.

## Conclusion

[12] There was no variance between the charge and proof at trial, and there was sufficient evidence Glenn knowingly created a substantial risk of death. Accordingly, we affirm.

[13]    Affirmed.

Baker, J., and Brown, J., concur.