


FILED
Jun 10 2024, 9:27 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Latasha Howard,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 10, 2024

Court of Appeals Case No.
23A-CR-2187

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

The Honorable James K. Snyder, Magistrate

Trial Court Cause No.
49D28-2203-F2-6267

---

**Opinion by Judge Tavitas**
Judges Mathias and Weissmann concur.

**Tavitas, Judge.**

## Case Summary

[1] Latasha Howard was sentenced to seventeen years for dealing in cocaine, a Level 2 felony. Then, after determining that Howard was not indigent, the trial court assessed a fine, costs, and fees and ordered that the same be retained from Howard's cash bail. Howard appeals and argues that the trial court abused its discretion by: (1) considering an improper aggravator in determining Howard's sentence; and (2) assessing the fine, costs, and fees without properly determining whether Howard was actually indigent. We conclude that the trial court did not abuse its discretion when sentencing Howard. Based upon our Supreme Court's recent opinion in *Spells v. State*, 225 N.E.3d 767, 771 (Ind. 2024), however, we conclude that the trial court erred by assessing the fine, costs, and most of the fees without properly determining whether Howard was actually indigent. Accordingly, we affirm in part, reverse in part, and remand.

## Issues

[2] Howard raises two issues on appeal, which we restate as:

I. Whether the trial court abused its discretion by considering the fact that Howard sold cocaine as an aggravator in determining Howard's sentence.

II. Whether the trial court erred by assessing the fine, costs, and fees without properly determining whether Howard was indigent.

## Facts

On March 3, 2022, law enforcement officers were investigating a stabbing and arrested the suspected perpetrator, Tony Edwards, at a house in Indianapolis. Howard and two other individuals were also at the house. After Edwards's arrest, the officers executed a search warrant of the house and recovered a baggie of cocaine from a cabinet in the kitchen, as well as baggies, a digital scale, cash, and a fabric bag containing approximately thirty grams of cocaine from inside the bedroom.

After the search, Indianapolis Metropolitan Police Department Detective Jennifer Asher conducted a recorded interview with Howard at the house. Howard admitted that the bedroom was hers and that she used and "sometimes" sold cocaine. State's Ex. 2 at 2:10. After the interview, Howard also admitted to Detective Asher that she dealt cocaine for Edwards, and, in exchange, Edwards allowed her to live at the house without paying rent. Law enforcement placed Howard under arrest, and, during a search incident to arrest, they recovered an additional bag of cocaine in Howard's bra.

On March 7, 2022, the State charged Howard with three counts: Count I, dealing in cocaine, a Level 2 felony; Count II, possession of cocaine, a Level 3 felony; and Count III, maintaining a common nuisance, a Level 6 felony. The State, however, later moved to dismiss Counts II and III. Count I alleged that Howard "did knowingly or intentionally possess with the intent to deliver

cocaine, pure or adulterated, said cocaine having a weight of at least 10 grams." Appellant's App. Vol. II p. 28.

[6] Howard was released from jail after she posted a $4,000 cash bail, paid by her father, before trial. The bond agreement provided that, if Howard was found guilty, the cash bail "may be used to pay court-ordered fines, fees & costs under Indiana Code 35-33-8-3.2[.]" *Id*. at 45.

[7] Howard waived her right to a jury trial, and a bench trial was held on July 19, 2023. Detective Asher and several other officers testified regarding the search, and the recorded interview was admitted into evidence. Howard testified in her own defense. Howard denied that she sold cocaine and claimed that she only made the incriminating statements regarding selling cocaine because she was "underneath [sic] the influence of drugs." Tr. Vol. II p. 118. The trial court found Howard guilty of Count I, dealing in cocaine, a Level 2 felony, and entered judgment of conviction.

[8] The trial court held a sentencing hearing on August 25, 2023. The trial court found as aggravators Howard's juvenile and criminal history, as well as the fact that Howard was a "true dealer" who "was delivering these substances to other individuals so that she could feed her habit." *Id*. at 139. The trial court found as mitigators: (1) Howard's substance abuse disorder; (2) the hardship to Howard's grandmother, for whom Howard was a caregiver; and (3) the fact that Howard conserved judicial resources by proceeding with a bench trial. This final mitigator was given "little weight . . . ." *Id*. The trial court sentenced

Howard to seventeen years. Ten years were to be executed, with eight executed in the Department of Correction and two executed on community corrections. The remaining seven years were suspended, with one of those years suspended to probation.

[9] Additionally, the trial court assessed a fine and certain costs and fees amounting to $1300.[1] The trial court did not inquire regarding Howard's ability to pay the fine, costs, and fees. Instead, the trial court determined that, based on Howard's bail, she was not indigent. The trial court ordered that the fine, costs, and fees were to be retained from Howard's bail. Howard now appeals.

## Discussion and Decision

### I. Sentencing—Abuse of Discretion

[10] Howard first argues that the trial court abused its discretion in sentencing her because the trial court considered the fact that Howard was a "true dealer" as an aggravator. Tr. Vol. II p. 139. Howard has not carried her burden of persuasion. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Phipps v. State*, 90 N.E.3d 1190, 1197 (Ind. 2018). "An abuse occurs only if the decision

---

[1] The trial court assessed the following: a $100 adult probation administration fee; $97 in adult probation monthly and initial user fees; a $400 "Alcohol/Drug" services program user fee; a $20 automated recordkeeping fee; a $5 court administration fee; $120 in court costs; an $11 criminal court fine; a $3 DNA sample processing fee; a $5 document storage fee; $500 for "Drug Abuse, Prosecution, Interdiction"; $4 for "Indianapolis Metropolitan Police"; a $1 judicial insurance adjustment fee; a $20 judicial salary fee; a $6 jury fee; a $3 probation user fee; and a $5 public defense administration fee. Appellant's App. Vol. II p. 21.

is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Schuler v. State*, 132 N.E.3d 903, 904 (Ind. 2019).

[11] An abuse of discretion occurs in a number of ways, including when the trial court:

> (1) fails "to enter a sentencing statement at all"; (2) enter[s] a sentencing statement in which the aggravating and mitigating factors are not supported by the record; (3) enter[s] a sentencing statement that does not include reasons that are clearly supported by the record and advanced for consideration; or (4) enter[s] a sentencing statement in which the reasons provided in the statement are "improper as a matter of law."

*Ackerman v. State*, 51 N.E.3d 171, 193 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007)), *cert. denied*. "This Court presumes that a court that conducts a sentencing hearing renders its decision solely on the basis of relevant and probative evidence." *Schuler*, 132 N.E.3d at 905.

[12] Howard argues that, because Howard was convicted of dealing in cocaine, and the trial court found as an aggravator the fact that Howard was a "true dealer," the trial court improperly considered an element of the offense as an aggravator. Tr. Vol. II p. 139. Although a trial court cannot enhance a sentence based on the material elements of the offense alone, "'the trial court may properly consider the particularized circumstances of the material elements of the crime' to be an aggravating factor." *Hudson v. State*, 135 N.E.3d 973, 979 (Ind. Ct. App. 2019) (quoting *Kien v. State*, 782 N.E.2d 398, 414 (Ind. Ct. App. 2003),

*trans. denied*); *see also Gomilla v. State*, 13 N.E.3d 846, 852-53 (Ind. 2014). A trial court may also consider "previous criminal activity, even though uncharged." *Washington v. State*, 902 N.E.2d 280, 291 (Ind. Ct. App. 2009), *trans. denied*.

[13] Here, Howard was convicted of one count of dealing in cocaine, a Level 2 felony, under Indiana Code Section 35-48-4-1(a)(2). The applicable version of Indiana Code Section 35-48-4-1 provides, in relevant part:[2]

> (a) A person who:
>
>> (1) knowingly or intentionally:
>>
>>> (A) manufactures;
>>>
>>> (B) finances the manufacture of;
>>>
>>> (C) delivers; or
>>>
>>> (D) finances the delivery of;
>>
>> cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II; **or**
>>
>> (2) possesses, **with intent to**:
>>
>>> (A) manufacture;

---

[2] The statute has since been amended; however, the amendments do not affect our analysis.

(B) finance the manufacture of;

(C) deliver; or

(D) finance the delivery of;

cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;

commits dealing in cocaine or a narcotic drug, a Level 5 felony, except as provided in subsections (b) through (e).

(b) A person may be convicted of an offense under subsection (a)(2) only if:

(1) there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug; or

(2) the amount of the drug involved is at least twenty-eight (28) grams.

\* \* \* \* \*

(e) The offense is a Level 2 felony if:

(1) the amount of the drug involved is at least ten (10) grams[.]

(Emphasis added). Under this statute, both actual delivery of cocaine under subsection (a)(1) and possession of cocaine with intent to deliver under subsection (a)(2) are separate offenses, although "either of such conduct

constitutes the crime of 'dealing in cocaine.'" *Reinhardt v. State*, 881 N.E.2d 15, 17 (Ind. Ct. App. 2008).

[14] Here, Howard was convicted of dealing in cocaine under subsection (a)(2) of the statute, which only required that Howard possess cocaine with the intent to deliver it. This subsection did not require that Howard actually deliver the cocaine to another person. In other words, whether Howard was a "true dealer" is not a material element of the offense of which Howard was convicted.

[15] During the recorded interview, however, Howard admitted that she actually sold cocaine on other occasions, which would constitute separate uncharged dealing offenses under subsection (a)(1). The trial court only found evidence of these separate uncharged offenses to be an aggravating factor, not the instant offense for which Howard was convicted. The trial court, thus, did not consider a material element of the offense for which Howard was convicted and did not abuse its discretion. *Cf. Washington*, 902 N.E.2d at 291 (holding trial court did not err by considering as an aggravator defendant's uncharged dealing activity in defendant's sentence for dealing in cocaine).

[16] Moreover, even if the trial court erred, the error would be harmless. Even when an abuse of discretion occurs, "[w]e will not remand for resentencing if we can say with confidence the trial court would have imposed the same sentence had it not considered the purportedly erroneous aggravators." *Owen v. State*, 210 N.E.3d 256, 269 (Ind. 2023). "A single aggravating circumstance may be

sufficient to support an enhanced sentence." *Hayko v. State*, 211 N.E.3d 483, 487 n.1 (Ind. 2023).

[17] Here, we are confident that the trial court would have imposed the same sentence even if it had not considered the challenged aggravator. The trial court also found Howard's juvenile and criminal history to be aggravators, and this history is lengthy. Howard's juvenile history consists of adjudications for residential entry, a Class D felony if committed by an adult; and criminal conversion, a Class A misdemeanor if committed by an adult. Howard's criminal history consists of convictions for theft, a Class D felony; criminal confinement, a Class A misdemeanor; knowingly or intentionally operating a motor vehicle without ever receiving a license, a Class C misdemeanor; possession of a narcotic drug, a Level 6 felony; and resisting law enforcement, a Class A misdemeanor.

[18] Additionally, although the trial court found three mitigators, it assigned "little weight" to the fact that Howard conserved judicial resources by proceeding with a bench trial. Tr. Vol. II p. 139. And, significantly, the trial court sentenced Howard to seventeen years, which is less than the advisory sentence of seventeen and one-half years for a Level 2 felony, and much of Howard's sentence was suspended. Ind. Code § 35-50-2-4.5. Under these circumstances, we are not persuaded that the trial court would have ordered a different sentence had it not considered the aggravator Howard now challenges. Accordingly, the trial court did not abuse its discretion in sentencing Howard.

## II. Assessment of the Fine, Costs, and Fees—Failure to Properly Determine Indigency

[19] Howard next challenges the trial court's order assessing a fine and certain costs and fees and requiring that the same be retained from Howard's bail. We review a trial court's assessment of costs and fees for abuse of discretion. *Spells v. State*, 225 N.E.3d 767, 771 (Ind. 2024). "This standard allows reversal only when a decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id*.

[20] Howard argues that the trial court erred because the trial court failed to properly determine whether Howard was indigent before assessing the fine, costs, and most of the fees. The State agrees, and so do we. This issue is largely controlled by our Supreme Court's recent decision in *Spells*, 225 N.E.3d 767. We first address our Supreme Court's holding in *Spells* regarding a trial court's responsibility to determine whether a defendant is indigent before assessing fines, costs, and certain types of fees. Second, we determine that, because *Spells* was decided while Howard's direct appeal was still pending, *Spells* applies retroactively to Howard's case. Third, we conclude that the trial court failed to properly determine whether Howard was indigent as required by *Spells* and, accordingly, we reverse and remand.

### A. *Spells v. State*

[21] In *Spells*, the defendant posted cash bail pursuant to a bond agreement that permitted the trial court to "retain all or a part of the cash to pay publicly paid

costs of representation and fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted." *Id*. at 770 (record citation omitted). After a bench trial, the trial court entered judgment of conviction on one of the charged offenses. *Id*. Without holding a hearing to determine whether the defendant was indigent, the trial court assessed a fine, costs, and fees and ordered these amounts to be retained from the defendant's cash bail. *Id*. at 771. The trial court, however, did determine that the defendant was "indigent as to probation fees." *Id*.

[22] On appeal, our Supreme Court held that the trial court erred by failing to determine whether the defendant was indigent before assessing the fine, costs, and most of the fees and by retaining a portion of the defendant's cash bail to pay these amounts. *Id*. at 779-80. The Court held that, before assessing fines, costs, and certain types of fees, a trial court must inquire regarding the defendant's "ability to pay" these amounts by first determining whether the defendant is indigent. *Id*. at 775.

[23] Indiana Code Section 35-38-1-18(a) governs the assessment of fines and provides, "[e]xcept as provided in subsection (b), whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent" and may only assess the fine "[i]f the person is not indigent." Similarly, Indiana Code Section 33-37-2-3(a) governs the assessments of costs and provides, "[e]xcept as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is

indigent" and may only assess the cost "[i]f the person is not indigent." Lastly, a trial court must hold a hearing and determine that the defendant is not indigent before imposing certain types of fees because, pursuant to Indiana Code Section 33-37-2-5,[3] among the types of fees a trial court may assess, the fees listed under Indiana Code Section 33-37-4-1 are considered costs.

---

[3] Indiana Code Section 33-37-2-5 provides, "The fees prescribed by IC 33-37-4-1 are costs and may be collected from a defendant against whom a conviction is entered. . . ." Indiana Code Section 33-37-4-1 provides:

> (a) For each action that results in a felony conviction under IC 35-50-2 or a misdemeanor conviction under IC 35-50-3, the clerk shall collect from the defendant a criminal costs fee of one hundred twenty dollars ($120).
>
> (b) In addition to the criminal costs fee collected under this section, the clerk shall collect from the defendant the following fees if they are required under IC 33-37-5:
>
> (1) A document fee (IC 33-37-5-1, IC 33-37-5-3, or IC 33-37-5-4).
>
> (2) A marijuana eradication program fee (IC 33-37-5-7).
>
> (3) An alcohol and drug services program fee (IC 33-37-5-8(b)).
>
> (4) A law enforcement continuing education program fee (IC 33-37-5-8(c)).
>
> (5) A drug abuse, prosecution, interdiction, and correction fee (IC 33-37-5-9).
>
> (6) An alcohol and drug countermeasures fee (IC 33-37-5-10).
>
> (7) A child abuse prevention fee (IC 33-37-5-12).
>
> (8) A domestic violence prevention and treatment fee (IC 33-37-5-13).
>
> (9) A highway worksite fee (IC 33-37-5-14).
>
> (10) A deferred prosecution fee (IC 33-37-5-17).
>
> (11) A document storage fee (IC 33-37-5-20).
>
> (12) An automated record keeping fee (IC 33-37-5-21).
>
> (13) A late payment fee (IC 33-37-5-22).
>
> (14) A sexual assault victims assistance fee (IC 33-37-5-23).
>
> (15) A public defense administration fee (IC 33-37-5-21.2).
>
> (16) A judicial insurance adjustment fee (IC 33-37-5-25).
>
> (17) A judicial salaries fee (IC 33-37-5-26).
>
> (18) A court administration fee (IC 33-37-5-27).

[24] The indigency determination required by these statutes is governed by Indiana Code Section 35-33-7-6.5, which requires the trial court to "consider a defendant's 'assets,' 'income,' and 'necessary expenses.'" *Spells*, 225 N.E.3d at 778 (quoting Ind. Code § 35-33-7-6.5(a)). If the parties fail to provide information regarding the defendant's assets, income, and necessary expenses, trial courts "themselves must make inquiries calculated to bring out the necessary evidence." *Id.* "If one of the mandatory factors, especially either the defendant's income or necessary expenses, is passed over, or if the inquiry is unreasonably superficial, it may be appropriate to vacate and remand for another hearing." *Id.* at 779.

[25] Whereas the trial court is required to consider the defendant's assets, income, and necessary expenses, the trial court may also consider the defendant's

---

(19) A DNA sample processing fee (IC 33-37-5-26.2).

(c) Instead of the criminal costs fee prescribed by this section, except for the automated record keeping fee (IC 33-37-5-21), the clerk shall collect a pretrial diversion program fee if an agreement between the prosecuting attorney and the accused person entered into under IC 33-39-1-8 requires payment of those fees by the accused person. The pretrial diversion program fee is:

(1) an initial user's fee of fifty dollars ($50) for a misdemeanor offense;

(2) an initial user's fee of seventy-five dollars ($75) for a felony offense;

(3) a monthly user's fee of twenty dollars ($20) for each month that the person remains in the pretrial diversion program; and

(4) any additional program fee or cost that is:

(A) reasonably related to the person's rehabilitation; and

(B) approved by the court.

A monthly user fee may not be collected beyond the maximum length of the possible sentence.

* * * * *

eligibility for public assistance programs, including the federal Supplemental Nutrition Assistance Program (SNAP), the federal and Indiana Temporary Assistance for Needy Families program (TANF), and other need-based public assistance programs. *Id*. at 778 (citing Ind. Code § 35-33-7-6.5(b)). The trial court may also consider "[o]ther relevant factors . . . , such as the defendant's living situation, employment history, potential earnings, social security benefits, state of health, and dependents." *Id*. at 779.

[26] Additionally, because cash bail posted by a defendant "will sometimes figure into the ability-to-pay equation as an asset belonging to the defendant," the trial court may consider the defendant's cash bail. *Id*. at 778-79. Cash bail posted by a third party, however, will not always represent an asset of the defendant and, thus, will not always be relevant to a determination of the defendant's indigency. *Id*. at 779. Moreover, neither the fact nor the amount of a defendant's cash bail replaces the trial court's obligation to inquire regarding the defendant's assets, income, and necessary expenses in determining whether the defendant is indigent. *Id*. at 776-777.

[27] If the trial court determines that the defendant is not indigent, the trial court may assess fines, costs, and fees for which the defendant is able to pay.[4] *Id*. at 777. The trial court may then "retain" from the defendant's cash bail an

---

[4] The trial court may also "prorate" fines, costs, and fees to what a defendant "'can reasonably afford.'" *Spells*, 225 N.E.3d at 778 (quoting Ind. Code § 35-33-7-6.5(d) (now codified at subsection (e)).

amount necessary to pay these amounts.[5]  *Id*.  If, however, the trial court determines that the defendant is indigent or fails to hold an indigency hearing at all, the trial court may not assess fines, costs, and most fees nor retain all or a portion of the defendant's cash bail to pay these amounts.  *Id*.  A trial court, however, may still assess a jury fee pursuant to Indiana Code Section 33-37-5-19(a)[6] because this jury fee is not one of the fees that qualify as "costs" for which an indigency determination is required pursuant to Indiana Code Section 33-37-2-5.  *Id*. at 776.  Additionally, a trial court may retain a portion of the defendant's cash bail to pay for the defendant's "publicly paid costs of representation," which includes a "supplemental" public defender fee,[7] whether or not the trial court determines that the defendant is indigent at the time this fee is imposed.  *Id*. at 773-775.

## B.  *Spells* applies retroactively to this case

[28]  As an initial matter, because *Spells* was decided after Howard was sentenced but while Howard's direct appeal was still pending, we must determine whether *Spells* applies retroactively to this case.  Howard argues that *Spells* does apply

---

[5] *See* Ind. Code § 35-33-8-3.2(a)(2) (providing trial court's with authority to retain all or a portion of the defendant's cash bail to pay certain expenses).

[6] Pursuant to Indiana Code Section 33-37-5-19(a), "[t]he clerk shall collect a jury fee of six dollars ($6) in each action in which a defendant is found to have committed a crime, violated a statute defining an infraction, or violated an ordinance of a municipal corporation."

[7] *See* Ind. Code § 35-33-7-6.

retroactively, and the State does not contest this argument. We agree that *Spells* applies retroactively to this case.

[29] Our Courts generally apply the federal retroactivity framework announced in *Teague v. State*, 489 U.S. 288, 109 S. Ct. 1060 (1989). *See M.H. v. State*, 207 N.E.3d 412, 418 (Ind. 2023). This framework distinguishes between procedural and substantive criminal rules. *M.H.*, 207 N.E.3d at 418. Whereas new substantive rules generally apply retroactively, "new rules of criminal procedure generally do not apply retroactively to cases that became final before the new rule was announced." *Id.* (citation omitted). As for cases "pending on direct appeal at the time a new rule is announced," however, new procedural rules "'should be given retroactive application,' so long as 'an adequate objection was lodged at trial.'" *Id.* at 418 n.8 (quoting *Daniels v. State*, 561 N.E.2d 487, 488 (Ind. 1990)); *Membres v. State*, 889 N.E.2d 265, 274 (Ind. 2008). "A case announces a new rule when it breaks new ground, when it imposes a new obligation on the government, if its result was not dictated by precedent at the time of the conviction, or if the result is susceptible [of] debate among reasonable minds." *M.H.*, 207 N.E.3d at 420 (citation omitted, brackets in original).

[30] *Spells* clearly announced a new rule in requiring trial courts to determine whether a defendant is indigent before assessing fines, costs, and certain types of fees. And we need not decide whether this rule is substantive or procedural because the rule was announced while Howard's direct appeal was pending, so

the rule would apply retroactively either way. Finally, although Howard did not object to the assessment of the fine, costs and fees at the time they were assessed, we may excuse a lack of objection when the State does not argue waiver, as is the case here. *See Daniels*, 561 N.E.2d at 488. Accordingly, we apply the rule announced in *Spells* retroactively to this case.

### C. The trial court erred by failing to properly determine whether Howard was indigent before assessing the fine, costs and most of the fees

[31] Having concluded that *Spells* applies here, we further conclude that the trial court erred by failing to properly determine whether Howard was indigent before assessing the fine, costs, and most of the fees here. The trial court determined that Howard was not indigent based on the cash bail, which was paid by her father; however, the trial court failed to inquire regarding whether Howard, herself, had the ability to pay the fine, costs, and fees. *See Spells*, 225 N.E.3d at 779 (noting that the defendant's cash bail was posted by a third party and could have been a gift or a loan). The trial court did not inquire regarding Howard's assets, income, and necessary expenses as our statutes require. Accordingly, the trial court's indigency determination was insufficient.

[32] Regarding the jury fee, pursuant to *Spells*, an indigency determination was not required, so the trial court did not err by assessing this fee.[8] *Id*. As for the

---

[8] The trial court did not assess a supplemental public defender fee, as was the case in *Spells*.

probation fees, although not addressed in *Spells*, decisions from this Court have held that the trial court must hold an indigency hearing before assessing probation fees. *See, e.g.*, *Johnson v. State*, 27 N.E.3d 793, 794-95 (Ind. Ct. App. 2015). Because the trial court did not properly determine whether Howard was indigent here, the trial court erred by assessing the probation fees. The same is true for the fine and remaining costs and fees because the remaining fees are among those listed under Indiana Code Section 33-37-4-1. The trial court failed to properly determine whether Howard was indigent and, thus, erred by assessing these amounts. We, therefore, reverse in part and remand with instructions that the trial court hold a hearing and determine whether Howard is indigent before assessing the fine and all costs and fees other than the jury fee.

## Conclusion

[33] The trial court did not abuse its discretion in sentencing Howard, and we affirm this portion of the judgment. Pursuant to our Supreme Court's decision in *Spells*, however, the trial court erred by assessing the fine, costs, and most of the fees without properly determining whether Howard was indigent. Accordingly, we affirm in part, reverse in part, and remand with instructions that the trial court hold a hearing to determine whether Howard is indigent before assessing the fine and all costs and fees other than the jury fee.

[34] Affirmed in part, reversed in part, and remanded.

Mathias, J., and Weissmann, J., concur.

ATTORNEYS FOR APPELLANT

Talisha Griffin
Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana